432 F.2d 697
 70-2 USTC P 9648
 UNITED STATES of America and Robert Gray, Special Agent,
Internal Revenue Service, Petitioners, Appellants,
v.
Lester H. SALTER, Respondent, Appellee, and Local 57,
International Union of Operating Engineers,
Intervenor, Defendant, Appellee.
 No. 7627.
 United States Court of Appeals, First Circuit.
 Oct. 15, 1970.
 
 John M. Brant, Atty., Dept. of Justice, with whom Johnnie M. Walters, Asst. Atty. Gen., Lincoln C. Almond, U.S. Atty., Lee A. Jackson, and Joseph M. Howard, Attys., Dept. of Justice, were on brief, for appellants.
 James R. McGowan, Providence, R.I., with whom Salter, McGowan, Arcaro & Swartz, Harold C. Arcaro, Jr., and Alan L. Swartz, Providence, R.I., were on brief, for appellees.
 Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.
 McENTEE, Circuit Judge.
 
 
 1
 On June 25, 1969, respondent, Lester H. Salter, a Providence, Rhode Island attorney, was served with an administrative summons requiring him to testify before Special Agent Robert Gray of the Internal Revenue Service 'concerning the tax liabilities of International Union of Operating Engineers, Local 57, for the years 1958 through 1968, inclusive.' This summons was issued pursuant to 26 U.S.C. 7602 (1964) which authorizes the Secretary of the Treasury or his delegate to issue administrative summonses
 
 
 2
 'for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax, * * * or collecting any such liability.'
 
 
 3
 Respondent appeared in response to the summons but refused to testify. As provided in 26 U.S.C. 7604 (1964), Special Agent Gray petitioned the United States District Court for the District of Rhode Island to enforce the Internal Revenue summons.
 
 
 4
 On November 3, 1969, respondent filed an answer accompanied by a Memorandum of Law, contending that the summons should not be enforced because it was issued for an improper purpose, viz., the securing of evidence or testimony for use solely in a criminal prosecution. In support of that contention, respondent alleged that Special Agent Gray had stated to respondent's law partner that he wanted respondent's testimony in order to obtain a 'conviction.' Respondent further contended that the agent could not be interested in investigating the civil tax liabilities of Local 57, because it is a tax-exempt labor organization under 501(c)(5) of the Internal Revenue Code of 1954 and because it has never engaged in any 'business' unrelated to its tax exempt functions. In anticipation that the Internal Revenue Service might contend that Local 57 had taxable income from admission fees charged at games played by its softball team, respondent presented four arguments to support his contention that the income from this activity was not taxable.
 
 
 5
 On November 10, 1969, respondent filed a motion under Fed.R.Civ.P. 34 for a discovery order requiring the government to produce certain documents for inspection, copying and photographing. Respondent requested (1) documents showing the assignment of Special Agent Gray and any other Internal Revenue Agent to investigate the tax liabilities of Local 57; (2) Internal Revenue Agents' Operating Manual relating to the job description and responsibility of those agents for investigating civil tax liabilities; and (3) any and all progress and/or examination or audit reports of those agents relating to this investigation. After a hearing comprising only oral argument by counsel for the government and the respondent, the court issued an order requiring the government to produce the requested material for inspection.[1] Because the government refused to comply with that order the district court dismissed the enforcement proceeding on May 19, 1970, pursuant to Fed.R.Civ.P. 37(b)(2). This is an appeal from that dismissal.
 
 
 6
 In his brief, respondent notes that on September 16, 1966, an indictment was returned in the District Court for the District of Rhode Island charging Local 57 with a violation of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. 439 (1964). That indictment was later dismissed on April 5, 1968. Respondent contends that he has reason to believe that the Internal Revenue summons may have been issued in order to assist the U.S. Departments of Labor and Justice in reinstituting and perfecting a new indictment relating to the same matter. He asserts that discovery is needed to disclose the 'purpose' or 'motive' behind the administrative summons. The government takes the position that an administrative summons is improper only if used to gather evidence in aid of a currently existing criminal prosecution; that since there is no indictment currently pending against Local 57, there can be no improper purpose in issuing the administrative summons and therefore no reason to grant discovery. The government further argues that, even if the facts alleged by respondent would support an 'improper purpose' defense, the use of discovery in proceedings to enforce an administrative summons should be severely limited.
 
 
 7
 There is apparently only one reported case in which a federal district court has refused to enforce an Internal Revenue summons on the grounds that it was not issued for a proper purpose. United States v. O'Connor, 118 F.Supp. 248 (D.Mass.1953). There the Internal Revenue agent admitted that at least one of the purposes for the issuance of the administrative subpoena was to aid the Department of Justice in a criminal prosecution then pending against the taxpayer. Since the agent also admitted that he did not have any civil matter relating to that taxpayer pending before him, the court refused to enforce the subpoena. In Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956), the Ninth Circuit approved the result in O'Connor but distinguished it on its facts. In Boren an administrative summons was issued to investigate the taxpayer's liability after the statute of limitations had run for all but fraudulent tax returns. The court held the summons valid on the grounds that, even though the investigation might lead to criminal prosecution, it was also designed to determine the civil liability of the taxpayer. The court stressed that Congress had not limited the Treasury's power to issue administrative summonses 'solely' to investigate civil liability. As long as the determination of civil liability is at least one purpose of the summons, it is valid.
 
 
 8
 The Supreme Court recognized the viability of the 'improper purpose' defense in dictum in Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), citing Boren v. Tucker, supra. The Boren rule has been approved in numerous cases. United States v. De Grosa, 405 F.2d 926 (3d Cir.), cert. denied, sub nom. Zudick v. United States, 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969); Venn v. United States, 400 F.2d 207 (5th Cir. 1968); McGarry v. Riley, 363 F.2d 421 (1st Cir.), cert. denied, 385 U.S. 969, 87 S.Ct. 502, 17 L.Ed.2d 433 (1966); Wild v. United States, 362 F.2d 206 (9th Cir. 1966); Lash v. Nighosian, 273 F.2d 185 (1st Cir. 1959), cert. denied, 362 U.S. 904, 80 S.Ct. 610, 4 L.Ed.2d 554 (1960). In each of these cases the administrative summons has been upheld on the ground that the determination of civil liability was one purpose for its issuance.[2] The government relies heavily on one recent case, Howfield, Inc. v. United States,409 F.2d 694 (9th Cir. 1969). There the court said, in dictum, that administrative summonses 'may be used even where their purpose is allegedly to uncover crime, where no criminal case is actually pending against the taxpayer.' Supra at 697, citing Boren v. Tucker, supra. Although a criminal indictment was pending in O'Connor, we do not believe that fact is determinative. Unless the determination of civil tax liability is at least one of the purposes for issuing the administrative summons, there is no statutory basis for its issuance.[3] See 26 U.S.C. 7602 (1964).
 
 
 9
 We therefore conclude that, if respondent can show that the administrative summons was not issued for the purpose of determining Local 57's civil tax liability, the summons cannot be enforced by the district court. Since the Federal Rules of Civil Procedure apply to proceedings for enforcement of an administrative summons, United States v. Powell, 379 U.S. 48, 58 n. 18, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), respondent concludes that he is entitled to obtain discovery under Fed.R.Civ.P. 34. We agree with the government, however, that respondent should be required to do more than allege an improper purpose before discovery is ordered in a proceeding of this type. Some evidence supporting respondent's allegations should be introduced. We approve of the following suggestion, offered by the government:
 
 
 10
 'The general solution would probably be for the district court to proceed directly to a hearing at which, if desired, the summonee could examine the agent who issued the summons, concerning his purpose. The court could then, by observation and, where necessary, its own questioning of the agent, make its own determination of whether exploration, as by discovery, seemed to be in order.'
 
 
 11
 If, at the end of the hearing, there remains a substantial question in the court's mind regarding the validity of the government's purpose, it may then grant discovery.[4]
 
 
 12
 Respondent emphasies that Fed.R.Civ.P. 81(a)(3) makes the Federal Rules of Civil Procedure applicable to proceedings of this type 'except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.' Respondent argues that, since none of the exceptions specified in Rule 81(a)(3) apply in this case, the court should use the same standards in granting discovery motions that govern in other types of litigation.[5] We note, however, that the Supreme Court has not hesitated to place special burdens on parties seeking discovery where there were sound reasons of public policy for doing so. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Court held that the work product of opposing counsel is not subject to discovery absent a special showing of need. In United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953), the Court placed restrictions on the discovery of privileged material. And in United States v. Proctor and Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the Court held that grand jury minutes are not subject to discovery absent the showing of a 'particularized need.'
 
 
 13
 We believe that there are strong reasons of public policy for placing a burden of proof on respondent before allowing discovery in an enforcement proceeding of this type. A broad discovery order puts the Internal Revenue Service under a severe handicap in conducting a civil investigation. Broad discovery can be expected to cause extensive delays and to jeopardize the integrity and effectiveness of the entire investigation. Coupled with these considerations is the fact that taxpayers have been almost uniformly unsuccessful in proving an 'improper purpose' defense.[6] Requiring an evidentiary hearing will not preclude a respondent from raising and proving a 'improper purpose,' and we of course have no intention of precluding him from doing so. But we feel that the hearing requirement will have the salutary effect of eliminating discovery in cases in which it is clear that respondent will not be able to prove his allegations.
 
 
 14
 We find support for our ruling in United States v. Powell, supra. There the Court refused to require the Internal Revenue Service to make a showing of probable cause before issuing an administrative summons 'unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process.' We feel that to require a hearing before discovery is ordered would be in keeping with the decision in Powell to place the burden of proving abuse of the court's process squarely on the taxpayer.[7] This hearing, coupled with the court's discretion to limit the breadth of its discovery order pursuant to Fed.R.Civ.P. 81(a)(3),[8] will ensure that discovery in the context of Internal Revenue summons enforcement proceedings is not abused.
 
 
 15
 Reversed and remanded to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 The government subsequently filed a motion for interlocutory appeal pursuant to 28 U.S.C. 1292 (1964), and the district court certified the existence of a controlling question of law under the statute. This court granted permission for the appeal but subsequently revoked it. 421 F.2d 1393 (1st Cir. 1970)
 On December 29, 1969, Local 57 filed a motion to intervene as a respondent-defendant in the enforcement proceedings. The motion was granted without opposition from the government.
 
 
 [2]
 The holdings in these cases received further support in dictum in the recent case of United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). In that case, in the context of a Food and Drug Administration investigation, the Court indicated that, while it would be improper for the government to use civil proceedings solely to obtain evidence for a criminal prosecution, it is proper for the government so to gather evidence for a mixed civil-criminal purpose
 
 
 [3]
 Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960), involved the alleged use of an administrative warrant by the Immigration and Naturalization Service to gather evidence for a criminal prosecution for espionage. The Court held that evidence gathered under the warrant was admissible in the espionage trial on the ground that the Immigration and Naturalization Service was investigating a valid civil matter when the warrant was issued. But it emphasized that 'the deliberate use by the Government of an administrative warrant for the purpose of gathering evidence in a criminal case must meet stern resistance by the courts.' Supra at 226, 80 S.Ct. at 690
 
 
 [4]
 We note in passing that at oral argument before the district court, respondent himself pointed out that he could call witnesses from the Internal Revenue Service in order to support his allegations
 
 
 [5]
 Although Fed.R.Civ.P. 34 requires some showing of 'good cause,' that requirements has been held to be satisfied by a showing 'that the documents were germane to the subject matter of the action; that the designated documents probably contained material evidence; that the witness whose written statements were sought was not accessible, * * *' 2A W. Barron & A. Holtzoff, Federal Practice and Procedure 796, at 420-21 (1961). In the case at bar, respondent has made an adequate showing of relevance to satisfy the usual good cause requirement
 
 
 [6]
 See United States v. DeGrosa and cases cited with it, supra. In addition, the government cites the experience in two cases in which respondent was allowed to use discovery in order to attempt to prove an 'improper purpose' defense. United States v. Ahmanson, 415 F.2d 785 (9th Cir. 1969) and United States v. Moriarty, 278 F.Supp. 187 (E.D.Wis.1967). In both cases discovery dragged on for two years or more and in neither was the defense proved to the satisfaction of the court. No case has been cited in which discovery has been used successfully to prove an 'improper purpose' defense
 
 
 [7]
 We recognize that at first blush our ruling in this case does not appear to accord with United States v. Roundtree, 420 F.2d 845 (5th Cir. 1969). There, as in the case at bar, respondent alleged that an Internal Revenue summons had been issued solely to gather evidence for a criminal prosecution. The Fifth Circuit held that the district court abused its discretion in quashing taxpayer's attempted deposition of the agent in charge of the case. It did uphold the lower court's refusal to order discovery of Internal Revenue records and files, however, In effect, the court's order requiring that taxpayer be allowed to depose the agent was not substantially different from our order in this case, which will allow respondent to take the testimony of Special Agent Gray at a hearing before the district court. Similarly the discovery order in Kennedy v. Rubin, 254 F.Supp. 190 (N.D.Ill.1966), required only that a deposition limited to four specific questions be taken of the agent assigned to the case in open court. But cf. United States v. Moriarty, supra n. 6, and United States v. Ahmanson, supra n. 6, where broader discovery was ordered
 
 
 [8]
 See generally United States v. Howard, 360 F.2d 373, 381 (3d Cir. 1966)