UNITED STATES of America and John S. Wills, Special Agent, Internal Revenue Service, Petitioners,

v.

NATIONAL STATE BANK, Respondent, and

George Green, M. D., and Margot M. Green, his wife, Intervening Defendants.

Civ. No. 70–64.

United States District Court, E. D. Illinois.

Dec. 19, 1970.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., and Jeffrey D. Snow, Tax Division, Justice Dept., Washington, D. C., for petitioners.

Louis Horman, Metropolis, Ill., for respondent.

Michael Avedisian and Andrew H. Avedisian, Paducah, Ky., for intervening defendants.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

A petition to enforce Internal Revenue summons was filed by the United States of America, and John S. Wills, Special Agent, Internal Revenue Service. The proceeding is brought under the authority of Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954 (26 U.S.C.A. §§ 7402(b) and 7604(a)).

The petitioner Wills is a special agent of the Internal Revenue Service and is authorized to issue Internal Revenue summonses under the authority of 7602 of the Internal Revenue Code of 1954 (26 U.S.C. § 7602). Respondent is the National State Bank, a banking corporation located in Metropolis, Illinois, within the jurisdiction of this Court. The petition alleges that the special agent has been participating in an investigation to determine the income tax liabilities for the years 1966, 1967 and 1968 of one Dr. George Green who resides in Metropolis, Illinois; that the respondent is in possession and control of various books, records, accounts, papers and information relating to the tax liabilities of Dr. Green for the period in question; that on November 4, 1969, a summons was issued by the petitioner, directing the respondent to appear and to testify and produce records relating to the tax liabilities of the taxpayer; that the respondent failed and refused to appear in response to the summons and to testify or produce the records demanded; that it is essential for the determination of the tax liabilities of the taxpayer, Dr. George Green, that the respondent bank and its officers and employees be required to testify and produce the records demanded.

Upon failure of the respondent to appear as ordered, a show cause order was issued by this Court, directing the respondent, through its cashier or one of its duly authorized officials, to appear before the United States District Court on July 2, 1970 to show cause why it should not be compelled to obey the summons. The show cause order was subsequently continued and was set for hearing before the Court on July 31, 1970. In the interim, George Green, M. D., and Margot M. Green, his wife, pursuant to their motion, were permitted to intervene as defendants. Intervenors filed their notice to take deposition upon oral examination and for subpoena duces tecum, directed to Joseph D. Henry, Special Agent, Internal Revenue Service, Louisville, Kentucky, for the 26th day of August, 1970, and to Robert Schulman, Special Agent, Internal Revenue Service, 120 Church Street, New York, New York, on the 28th day of August,

1970. Petitioners have filed their motion to quash subpoena duces tecum and notice to take deposition and to limit discovery.

On July 27, 1970, attorneys for intervenors and petitioners entered into an agreed stipulation, wherein they stipulated that the hearing on the 31st day of July, 1970, should be limited to the question of determining whether petitioners' motion to quash the taking of depositions should be granted or denied. Notwithstanding the stipulation, at the hearing on July 31, 1970, both petitioners and intervenors introduced evidence bearing on the merits of the petition, as well as the motion to quash the subpoena duces tecum and the taking of oral depositions. The Court has considered the entire evidence presented.

As was stated in United States v. Salter, 432 F.2d 697 (1st Cir., October 15, 1970), if respondent can show that the administrative summons was not issued for the purpose of determining civil tax liability, the summons cannot be enforced by the district court. However, respondent should be required to do more than allege an improper purpose before discovery is ordered in a proceeding of this type. Some evidence supporting respondent's allegations should be introduced. The general solution would probably be for the district court to proceed directly to a hearing at which, if desired, the summonee could examine the agent who issued the summons concerning his purpose. The court could then, by observation and, where necessary, its own questioning of the agent, make its own determination of whether exploration, as by discovery, seemed to be in order.

At the hearing the agent issuing the summons did appear and was examined by the Court with regard to the purpose concerning issuance of the summons. The evidence developed that the summons was issued for the purpose of determining the civil tax liability of the taxpayer in question, and such being the case, the summons is valid on that ground alone, even though the investigation might lead to criminal prosecution (which was not established in this case). As long as the determination of civil liability is at least one purpose of the summons, it is valid. See Salter, supra. As was stated by way of dictum in Howfield, Inc. v. United States, 409 F.2d 694 (9th Cir., 1969), administrative summonses may be used even where their purpose is allegedly to uncover crime where no criminal case is actually pending against the taxpayer.

■ Considering the entire evidence presented, the sole purpose of the subpoena is to determine the ultimate tax liability of the taxpayer. There was no evidence introduced which would even tend to remotely show that the summons was issued for the purpose of prosecution. The summons was properly issued and compliance therewith will be enforced.

■ Next considering petitioners' motion to quash the subpoena duces tecum and notice to take deposition—as previously stated, more must be shown than the mere allegation of the intervenor that one purpose for the subpoena may be for prosecution. Here there was no evidence to show that the basis for the issuance of the summons was for the purpose of prosecution. Assuming the evidence at the deposition or the documents obtained by the subpoena duces tecum should establish that there is also a criminal investigation or that prosecution may be eminent, this would not invalidate the summons issued, since at least one of the purposes of the subpoena is the determination of civil tax liability of the taxpayer. For the foregoing reasons, the petitioners' motion to quash subpoena duces tecum and to take deposition and to limit discovery will be and the same is hereby allowed, and intervenors' motion to take deposition and subpoena duces tecum directed to Joesph D. Henry and Robert Schulman will be quashed.

It is, therefore, the order of this Court that petitioners' motion to quash subpoena duces tecum with notice to

take deposition and to limit discovery be and the same is hereby allowed and the notice to take deposition and the subpoena duces tecum be and the same are hereby quashed.

It is the further order of this Court that the respondent National State Bank and its officers and employees obey the summons, Treasury Form 2039, heretofore issued by petitioner John S. Wills, and the respondent is directed to appear before John S. Wills to testify and produce records relating to the tax liabilities of the taxpayer, Dr. George Green, at a time reasonable as may be determined by the said John S. Wills or his substitute.