UNITED STATES of America and Henry
M. Harrison, Special Agent, Internal
Revenue Service, Petitioners,

v.

FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION and Hugh H. Brantley,
Assistant Vice President, Respondents.

UNITED STATES of America and Henry
M. Harrison, Special Agent, Internal
Revenue Service, Petitioners,

v.

FIRST NATIONAL BANK OF SOUTH
CAROLINA and John T. Poole, Vice
President, Respondents.

UNITED STATES of America and Henry
M. Harrison, Special Agent, Internal
Revenue Service, Petitioners,

v.

FROST, JOHNSON, READ & SMITH,
INC., and Barry D. Wynn, Manager,
Respondents.

UNITED STATES of America and Henry
M. Harrison, Special Agent, Internal
Revenue Service, Petitioners,

v.

FIRST CITIZENS BANK AND TRUST
COMPANY and Robert Riley, Vice
President, Respondents.

Civ. Nos. M–12–71, M–12–70, M–12–68
and M–12–69.

United States District Court,
D. South Carolina,
Spartanburg Division.

May 11, 1978.

John L. Tate, pro se.

Thomas E. Lydon, Jr., U. S. Atty., D. S. C., Columbia, S. C., and James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for petitioners.

ORDER ON PLAINTIFF'S MOTION FOR A REHEARING AND AN ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

HEMPHILL, District Judge.

In these four actions, all entitled Miscellaneous, as there is no civil or criminal action pending except as hereinafter described, all recently commenced in this court, in the Spartanburg Division, on March 3, 1978, when the United States of

America, pursuant to Sections 7402(b)[1] and 7604[2] of the Internal Revenue Code of 1954 (26 U.S.C.), petitioners ask this court's assistance in judicially enforcing an Internal Revenue Summons. Upon the petition being filed, and upon review of same, on the same day, this court issued its Order to Show Cause, to the various respondent banks and the officers named to appear on March 21, 1978 in Greenville to show cause why respondent should not be compelled to appear, testify, etc. On March 14, 1978, John L. Tate, whose records were involved but not then a party to the action, sought intervention and filed his "Motion for Intervention of IRS Summons" in this court, stating, of course, that "he is a law abiding citizen of Spartanburg County having paid all just taxes for the year 1963 through and including 1974, 1975, 1976." He took the position that he was under criminal investigation and that the court should deny, but offered no supporting documents or evidence of the same.

The various separate returns, from the various bank respondents and respective officers thereof, stated that they were contacted by John L. Tate and Ina King Tate (wife) asking respondents not to comply and that the respondents really had no objection to the summons but were in a quandary.

The matter came to be heard before this court at Greenville, S. C., where all parties appeared, and this court issued its Order allowing John L. Tate to intervene, allowing him to present his side of the case, and urging him to get a lawyer. After hearing the matter, on March 21, 1978 the court issued its Order granting the petition of enforcement of the summons on the basis of compliance by the United States with the requirements established in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

■ Subsequent thereto, Tate, as intervenor, on April 21, 1978, filed his motion for rehearing. Before the court could hear the motion for a rehearing, the court was advised that on May 5, 1978, Tate had filed a Notice of Appeal from the Order of March 21, 1978, which, in addition to enforcement of the summons to the banks, gave him 30 days to file any additional information. The Fourth Circuit is now in command of the issue of the propriety of the enforcement Order.

Once the Notice of Appeal was filed, this court lost jurisdiction of the motion for rehearing and the same will be postponed pending the outcome of the appeal.

■ Meanwhile, on March 3, 1978, John L. Tate filed his motion to inspect, copy, or

1. 26 U.S.C. § 7402(b) provides: Jurisdiction of district courts.

(b) To enforce summons.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

2. 26 U.S.C. § 7604 provides: Enforcement of summons.

(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.—Whenever any person summoned under section 6420(e)(2), 6421(f)(2), 6424(d)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

photograph certain exhibits, and for permission to subpoena witnesses, etc. in the matter. In response to this, the government filed its motion for a protective order pursuant to Rule 26(c),[3] Federal Rules of Civil Procedure.

The motion for a protective order is granted, although this does not prevent Tate from making such other motions as may be appropriate, proceeding under such discovery as may be appropriate, taking such other action as may be appropriate once the case has reached the adversary stage, either in a civil action, or in a criminal prosecution. Once a civil action, as such, or a criminal action, as such, is filed in this court, appropriate discovery processes are immediately available to Tate, if Tate is a party, of if and when Tate is an intervenor in such civil action, or can show good cause why he should be allowed to participate in the criminal action, if he is not a defendant.

The court has found, and there is no evidence to the contrary, that a criminal investigation has not been requested in this matter, as yet.

This court has previously discussed pre-action filing discovery in *United States v. Cecil E. Lucas General Contractor, Inc.,* 406 F.Supp. 1267 (D.S.C.1975), citing *United States v. Salter,* 432 F.2d 697, 701 (1st Cir. 1970):

> We believe that there are strong reasons of public policy for placing a burden of proof on respondent before allowing discovery in an enforcement proceeding of this type. A broad discovery order

puts the Internal Revenue Service under a severe handicap in conducting a civil investigation. Broad discovery can be expected to cause extensive delays and to jeopardize the integrity and effectiveness of the entire investigation. Coupled with these considerations is the fact that taxpayers have been almost uniformly unsuccessful in proving an 'improper purpose' defense. Requiring an evidentiary hearing will not preclude a respondent from raising and proving an 'improper purpose,' and we of course have no intention of precluding him from doing so. But we feel that the hearing requirement will have the salutary effect of eliminating discovery in cases in which it is clear that the respondent will not be able to prove his allegations. [432 F.2d 700–01.]

> We agree with the government, however, that respondent should be required to do more than *allege* an improper purpose before discovery is ordered in a proceeding of this type. Some *evidence* supporting respondent's allegations should be introduced. * * *

> If, at the end of the hearing, there remains a substantial question in the court's mind regarding the validity of the government's purpose, it may then order discovery. [432 F.2d at 700 (emphasis in original).]

The procedure adopted in *Salter* has been followed in *United States v. McCarthy,* 514 F.2d 368 (3rd Cir. 1975); *United States v. Church of Scientology,* 520 F.2d 818 (9th Cir. 1975); *United States v. National State Bank,* 454 F.2d 1249 (7th Cir. 1972) (affirm-

---

3. Fed.R.Civ.P. 26(c) provides: Protective Orders.

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only

by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

ing the quashing of notices to take depositions).

Somewhat similar to the instant case is the case of *Venn v. United States,* 400 F.2d 207 (5th Cir. 1968) where the Fifth Circuit Court of Appeals held that a taxpayer, who was under investigation by the Internal Revenue. Service and the third party had been engaged together in a political campaign, the taxpayer had issued three checks to the third party, the Internal Revenue Service had properly issued tax summons to require the third party to disclose all of his records relating to the checks as well as records relating to the political campaign, which material had been shown to be relevant to investigation, though a third party defendant in a criminal anti-trust prosecution. The case before this court · is not tainted with a political campaign, but the similarity occurs in the comparison of Venn's efforts to take depositions from various IRS personnel. In footnote 12, at page 212, 400 F.2d, one finds the following:

Venn urges strenuously that he was prejudiced by the denial of his motion to take depositions from various IRS personnel, and· by the fact that the case was brought to the court by a petition, rather than the complaint and answer of a normal civil action. We do not find that there was any prejudice in this procedure, as the information which Venn sought would have been irrelevant to the issues in this proceeding. This does not mean that discovery would always be improper in cases of this nature. [Citations omitted.] Although a footnote in *United States v. Powell,* 379 U.S. at 58. n. 18, 85 S.Ct. at 255 n. 18, 13 L.Ed.2d at 120 n. 18, indicates that the Federal Rules of Civil Procedure apply to proceedings to enforce a tax summons, we have previously ruled · that the thrust of this decision is that the parties must be given a full opportunity in an adversary hearing to present their case.

Under no circumstances can Tate's case be considered an adversary hearing at this point.

To allow discovery in an IRS summons, except under circumstances when just cause is shown, would allow an harassment of the Audit Division and other divisions of the Internal Revenue Service, not contemplated or justified by the Internal Revenue Acts and the procedures Congress has envisioned for investigation and enforcement. Of course, where there is a proper showing, or where there is an adversary proceeding, instead of an audit investigation such as here exists, justification for discovery might well appear. Nothing in this case, so far, justifies the allowance of pursuit of discovery by Tate, the intervenor, at this time. He has not been foreclosed in his opportunity, however, in the event that some proceeding, civil or criminal, is lodged against him.

The court feels it is necessary to issue this protective order at this time to protect the petitioner from harassment. Leave is given Tate, within 20 days from the date hereof, to make such motion for a reconsideration of this protective order, or a hearing on the same, as he may desire. Again, he is urged to hire competent counsel.

Motion for a protective order is granted and Tate shall not proceed with any discovery until one of three things happen: (1) he is a party to a civil action; (2) he is a party to a criminal action; or (3) he is given leave of this court to proceed with discovery as in an ordinary adversary proceeding.

The motion for rehearing is postponed at such time as the Court of Appeals has passed upon the appeal effectively as it takes the matter out of this court's jurisdiction insofar as the question of appeal (integrity of this court's order of March 21) is concerned.

Motion for a protective order by the petitioner (which does not relate to the subject on appeal) is granted.

AND IT IS SO ORDERED.