UNITED STATES of America, James D. Cashman, Special Agent of the Internal Revenue Service, and Paul A. Wheeler, Special Agent of the Internal Revenue Service, Appellees,

v.

PILLSBURY CREDIT UNION, Through Dennis M. ANDERSON, Assistant Treasurer, Northwestern State Bank Northwest, through William Belford, Vice-President, and Northland Mortgage Co., through Janean Berggren, Assistant Secretary.

Appeal of James C. BENSON and Mary K. Benson.

No. 81–1564.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1981.

Decided Oct. 27, 1981.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, William A. Whitledge, R. Bruce Johnson, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellees; John Michael Lee, Asst. U. S. Atty., of counsel.

Michael G. Parham, East Point, Ga., for appellants.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

James and Mary Benson appeal the district court's order enforcing IRS summonses issued to Pillsbury Credit Union, Northwestern State Bank, and Northland Mortgage Co. We affirm.

The Bensons did not file income tax returns for the years 1976 through 1979. Based upon an examination of the Form W–2s filed by each taxpayer's employer, the IRS began an investigation which was referred to the Criminal Investigation Division. Special Agent James Cashman was the only person assigned to investigate Mary Benson's tax liabilities. Special Agent Paul A. Wheeler was assigned to investigate James Benson. In contrast to the investigation of Mary by Cashman, the investigation of James by Wheeler was done in conjunction with a revenue agent.

In the furtherance of their investigations, Cashman and Wheeler issued the summonses to the three respondents. The Bensons intervened and sought a continuance to conduct discovery in order to show that the summonses were issued solely to aid the criminal investigations. The magistrate deferred ruling on the motion and proceeded to hear the government's evidence. The government called Cashman and Wheeler to establish a prima facie showing as required by *United States v. LaSalle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978). However, after Cashman testified, the appellants conceded on the record that the government had made a prima facie showing, and both parties agreed to limit the evidence to the issue of whether the summonses were issued solely to aid the criminal investigations.

After the hearing the magistrate denied the motion for a continuance and recommended enforcement of the summonses. No objections were filed and the district court[1] adopted the magistrate's report and ordered the summonses enforced. The enforcement was stayed pending appeal. On appeal the Bensons assert that the magistrate erred in denying a continuance as they had made a sufficient showing at the hearing to warrant a continuance for further discovery. The Bensons also contend that the district court erred in enforcing the summonses, as the evidence shows that they were issued solely to aid a criminal investigation.

I

Upon the appellants' concession of the government's prima facie showing, the burden was shifted to appellants to prove (1) the absence of a valid civil tax determination or collection purpose, (2) the issuance of the summonses after a recommendation to the Department of Justice by the IRS to prosecute, or (3) the IRS delayed in submitting a recommendation to prosecute after making an institutional commitment and hoped to use the civil summonses to gather additional evidence for the prosecution. *United States v. LaSalle National Bank*, supra, 437 U.S. at 313–17, 98 S.Ct. at 2365–68. The evidence clearly shows that there was no recommendation for prosecution by the IRS to the Department of Justice. This leaves appellants with the burden of showing an absence of a civil purpose or an impermissible delay after making an institutional commitment to prosecute. To discharge their burden, appellants argue that absence of civil purpose is shown by the lack of a joint investigation, and the issuance of a TC 914 control notice. To show

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

an impermissible delay, the appellants argue that the special procedures adopted by the IRS to investigate tax protestors show an institutional commitment to prosecute prior to the issuance of the summonses.

■ With respect to the argument that assignment of only special agents to the investigation is proof of absence of a civil purpose, the record demonstrates that no revenue agent was assigned to assist Cashman in his investigation of Mary, but that Wheeler's investigation of James was done in conjunction with a revenue agent. However, the fact that an investigation was conducted by special agents without the assistance of revenue agents does not by itself show the absence of a civil purpose. *See United States v. LaSalle National Bank, supra,* 437 U.S. at 314–15, 98 S.Ct. at 2366–67. This is so because a special agent may be charged with both civil and criminal responsibilities. This was the case here as the evidence shows that the special agents were seeking to determine the correct amount of the tax liability in addition to determining whether to prosecute.

Appellants assert also that the institution of a TC 914 control shows the abandonment of a civil purpose as the TC 914 control prohibits the assessment and collection of taxes while the notice is in effect. The record reflects that IRS Form 4135, Criminal Investigation Control Notice, had been prepared and placed in taxpayers' files and relatedly that what is called a TC 914 has been put into effect. Evidently a Form 4135 notice with TC 914 control is filed early in an investigation before any recommendation to prosecute is made, and at the conclusion of the investigation the control is lifted. Thus, it appears that the TC 914 control does not permanently prohibit the assessment and collection of taxes, but serves as an interdepartmental notice of criminal investigation so that the IRS may coordinate its efforts. We see no abandonment of a civil purpose by use of a TC 914 control.

Appellants contend that the preliminary decision of the IRS, pursuant to its Manual Supplement 9G–93, in actuality is the "cru-

cial administrative determination to proceed with a criminal prosecution" and as a result any subsequent investigation constitutes "impermissible delay." To substantiate this claim appellants point to the following language of M.S.9G–93 entitled *Examination and Investigation of Illegal Tax Protest-type Activities* governing the initial decision to investigate: "In selecting cases for investigation, consideration should be given to the potential impact and/or deterrent effect a successful prosecution case will generate." We believe appellants' argument confuses the decision to investigate with the decision to prosecute, and would deny the IRS the right to investigate any case which it preliminarily determined was worthy of investigation. Our further review of M.S.9G–93 reveals that it evidences no institutional commitment to prosecute prior to the District Counsel's decision to recommend prosecution to the Department of Justice.

## II

■ Appellants do not argue that the magistrate erred by deferring the determination of whether discovery was necessary until after a hearing of the government's evidence. Rather appellants contend that they made a sufficient showing at the hearing to warrant further discovery. After reviewing the record, we find that the magistrate did not abuse his discretion in denying the request for a continuance as there did not exist at the end of the hearing a substantial question as to the validity of the government's purpose. *United States v. Salter,* 432 F.2d 697, 700 (1st Cir. 1970).

Accordingly, the order of the district court enforcing the summonses is affirmed and the stay pending appeal is dissolved.