USCA1 Opinion

 

 July 14, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT -------- No. 92-1012 RAYMOND H. COPP, JR., Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ------- ERRATA SHEET The opinion of this Court issued on July 14, 1992, is amended as follows: On page 2 remove the hyphen from the word "authorized." On page 4 remove the hyphen from the words "interrelated", "investigation", "potential." On page 5 remove the hyphen from the words "overturned", "disproving." On page 7 remove the hyphen from the word "conditionally." July 14, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1012 RAYMOND H. COPP, JR., Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Roney,* Senior Circuit Judge, ____________________ and Pieras,** District Judge. ______________ ____________________ Alfred D. Ellis with whom Loren Rosenzweig and Cherwin & Glickman _______________ _________________ __________________ were on brief for appellant. Sally J. Schornstheimer, Attorney, Tax Division, Department of ________________________ Justice, with whom James A. Bruton, Acting Assistant Attorney General, _______________ Gary R. Allen, Charles E. Brookhart, Attorneys, Tax Division, _______________ _______________________ Department of Justice, and Wayne A. Budd, United States Attorney, were _____________ on brief for appellee. ____________________ ____________________ _____________________ * Of the Eleventh Circuit, sitting by designation. ** Of the District of Puerto Rico, sitting by designation. PIERAS, District Judge. This appeal stems from ______________ the issuance of an administrative summons by the Internal Revenue Service in the course of investigation into the income tax liability of appellant Raymond H. Copp for the years 1985 through 1989. The district court granted an IRS motion for summary enforcement of the summons. We affirm. The summons, which the IRS issued pursuant to 26 U.S.C. 7602, directed Goldman Sachs & Co., a third-party recordholder, to appear, give testimony and produce documents. Appellant filed a motion to quash the summons, contending primarily that it was improperly served after the IRS had referred the matter to the Justice Department for criminal investigation. The district court rejected appellant's contention and granted the Government's motion for summary enforcement. Judge Mazzone found, based on an affidavit filed by the IRS agent directing the investigation, that no criminal referral had been made and that the summons was issued in good faith to make a civil determination of Copp's federal income tax liability. Prior to its amendment in 1982, 26 U.S.C. 7602 authorized the IRS to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any 2 persons for any internal revenue tax . . . , or collecting any such liability." In United States v. LaSalle National _____________ ________________ Bank, 437 U.S. 298 (1978), the Supreme Court considered the ____ limits of this authorization. The Court noted that since Congress created a tax enforcement system with interrelated criminal and civil elements, in enacting Section 7602 it did not intend that the IRS's subpoena power in a given investigation be limited merely because of the presence of a criminal purpose. Id. at 310-11. The Court held, however, ___ that the IRS's subpoena power did not extend to investigations in which it had abandoned the good faith pursuit of all of its congressionally authorized civil ___ purposes. 437 U.S. at 316-17. As a result, after LaSalle a summonee could _______ effectively block the enforcement of an IRS summons if he could show that it was issued during an investigation in which the IRS had abandoned the pursuit of a civil tax determination or collection. In setting forth the reach of its holding, the LaSalle Court found that an abandonment _______ clearly occurs (and a summons may not be issued) after the IRS refers an investigation to the Department of Justice for criminal prosecution. Id. at 311. In addition, aware of a ___ potential for abuse where the IRS delays its referral to the 3 Justice Department in order to gather evidence for a subsequent criminal prosecution, the Court found that an abandonment also occurs where the IRS has "in an institutional sense" abandoned its pursuit of a civil tax liability determination and is instead conducting its investigation for "solely criminal purposes." Id. at 316. ___ On this appeal, Copp seeks to invoke this "sole criminal purpose" defense, which he contends the district court incorrectly found was overturned by the 1982 amendments to Section 7602. The LaSalle Court stated that taxpayers seeking to _______ avail themselves of the sole criminal purpose defense "bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." Id. As a result, even if the defense has continuing ___ vitality, Copp has the burden of disproving that in this case the IRS is not pursuing a valid civil tax determination. The first hurdle which appellant must therefore clear is the district court's finding that the IRS has not abandoned the pursuit of Copp's civil tax liability. ___ Copp must show that this finding was clearly erroneous. See, e.g., Hintze v. IRS, 879 F.2d 121, 125 (4th Cir. 1989), ___ ____ ______ ___ reh'd denied en banc, 1989 U.S. App. LEXIS 13075; United _____________________ ______ 4 States v. Claes, 747 F.2d 491, 495 (8th Cir. 1984). We find ______ _____ that this burden has not been met. In seeking enforcement of an administrative summons, the IRS must meet the standard of good faith set forth in United States v. Powell, 379 U.S. _____________ ______ 48 (1964). It "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." Id. at 57-58. In this case, the IRS filed an ___ affidavit signed by Revenue Agent Ernest Van Loan which was uncontroverted and established each of these elements. The district court relied on this affidavit in finding that "there is no criminal referral, the summons was issued in good faith to make a correct determination of the petitioner's federal income tax liabilities, if any, for the taxable years under investigation, and all of the required procedures of the Internal Revenue Code have been followed." Implicit in the district court's ruling was a finding that in issuing its summons to Goldman Sachs the IRS was not seeking information solely for a criminal purpose. Even under LaSalle, the IRS is entitled to enforcement of its _______ 5 summons where determination of civil tax liability is at least one of its purposes. Accord 437 U.S. at 310-11. ______ Copp's effort to establish that the district court's ruling was clearly erroneous is limited. He alleges that several facts -- including the alleged expansion of the audit to include tax years outside of 1988 and the refusal of the IRS to conditionally accept a portion of requested additional documents -- constitute evidence of an improper purpose on the part of the IRS. He has not, however, demonstrated how these facts, none of which are inconsistent with a civil audit, suggest an improper purpose. Copp also relies on the fact that in a related case before Judge Stahl in the District of New Hampshire, based on similar allegations made by Copp in response to summonses issued in New Hampshire against other third-party recordkeepers, the court concluded that sufficient showing had been made for Copp to pursue a sole criminal purpose defense. Judge Stahl directed the IRS agent to appear at an evidentiary hearing at which Copp would be afforded the opportunity to examine the agent regarding his purposes in issuing the summonses. Judge Stahl's ruling is not before this Court on this appeal, however. And the fact that Judge Stahl in a 6 separate proceeding has allowed Copp to proceed to an evidentiary hearing on this claim does not establish that Judge Mazzone's finding in this case was clearly erroneous.1 The district court order of summary enforcement of the summons is therefore affirmed. ________ So ordered. ____________________ 1 Copp also contends that Judge Mazzone erred in enforcing the IRS summons without conducting an evidentiary hearing. In order to proceed to an evidentiary hearing to question the propriety of an IRS summons, a taxpayer must make a sufficient threshold showing that there was an improper purpose behind an IRS summons. United States v. Salter, 432 _____________ ______ F.2d 697 (1st Cir. 1970). To make this show-ing, the taxpayer must do more than allege an improper purpose; he must introduce evidence to support his allegations. Id. ___ District court decisions to enforce a summons without a hearing are review-able under the abuse of discretion standard. Accord Tiffany Fine Arts, Inc. v. United States, ______ _______________________ _____________ 469 U.S. 310, 324 n.7 (1985); Hintze, supra, 879 F.2d at ______ _____ 126; United States v. Samuels, Kramer & Co., 712 F.2d 1342, _____________ _____________________ 1345 (9th Cir. 1983). Appellant again relies primarily on Judge Stahl's conclusion that the allegations made by Copp were sufficient to proceed to an evidentiary hearing. As with his substantive claim, the fact that Judge Stahl reached a contrary conclusion does not yield an abuse of discretion on the part of Judge Mazzone. 7 8