USCA1 Opinion

 

 November 3, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1636 ROGER SYLVESTRE, Petitioner, Appellant, v. UNITED STATES OF AMERICA, ET AL., Respondents, Appellees. ____________________ ERRATA SHEET The cover sheet of the opinion of this court issued on October 30, 1992 amended as follows: Last line after the word "appellee" delete "." add ", United States." Page 3, line 9: change the word "citing" in parenthesis to "quoting." Page 3, line 3 of 4 of indented material: insert "," after the word Sylvestre. Page 8, line 1: insert "," after the word quash. October 30, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1636 ROGER SYLVESTRE, Petitioner, Appellant, v. UNITED STATES OF AMERICA, ET AL., Respondents, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Roger Sylvestre on brief pro se. _______________ James A. Bruton, Acting Assistant Attorney General, Gary R. _______________ _______ Allen, Charles E. Brookhart, S. Robert Lyons, Tax Division, _____ _____________________ _________________ Department of Justice, Lincoln C. Almond, United States Attorney, _________________ and Everett C. Sammartino, Senior Assistant United States _______________________ Attorney, on brief for appellee, United States. __________________ __________________ Per Curiam. On April 14, 1992, the IRS issued and served __________ a summons to each of 3 banks as third party recordkeepers, seeking records of savings accounts, checking accounts, and the like, pertaining to Roger Sylvestre. Pursuant to 26 U.S.C. 7609, Sylvestre is entitled to notice of a third party summons and may petition to quash such a summons. Sylvestre was given notice and did, in fact, seek to quash each of the 3 summonses. The IRS objected to the petition to quash and sought enforcement of the summonses. After a hearing, the district court denied the petition to quash and granted enforcement of the summonses. Sylvestre has appealed. We affirm.1 To obtain enforcement of a summons, the IRS must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.... United States v. Powell, 379 U.S. 48, 57-58 (1964). In addition, _____________ ______ enforcement of an IRS summons is precluded if a referral to the ____________________ 1. Shortly after the IRS issued a summons to each of the 3 banks, it also issued a 4th summons to the Home Insurance Company, seeking records of financial transactions with or on behalf of Sylvestre, including a list of payments and copies of checks. The dates of service and notice and the date fixed for examination of records for this later, 4th, summons, were different from those relating to the earlier summonses. Although Sylvestre sought to quash this summons in the district court, we read his arguments on appeal, in particular his contention as to statutorily inadequate notice, as directed to the 3 bank summonses. Insofar as he may be challenging the order of enforcement as to this 4th summons, however, we summarily reject it and affirm the district court as to this summons as well. Justice Department for criminal prosecution is in effect. United ______ States v. LaSalle Nat'l Bank, 437 U.S. 298, 318 (1978). ______ __________________ "'Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.'" United States v. Lawn Builders of New England, _____________ _______________________________ Inc., 856 F.2d 388, 392 (1st Cir. 1988) (quoting Liberty ____ _______ Financial Services v. United States, 778 F.2d 1390, 1392 (9th __________________ ______________ Cir. 1985)). In this case, the IRS submitted an affidavit of Revenue Agent Paul H. McGunagle. In it, McGunagle stated, inter alia, 1. He is reviewing the possible income tax liability of Sylvestre, who is engaged in the occupation of chiropractic physician. 2. A review of IRS records indicated no federal tax returns were filed by Sylvestre for 1985 through 1990. 3. During his review, he had learned that certain accounts in Sylvestre's name may or do exist in the 3 banks to which summonses were issued. 4. Service and notice of the summonses were made as required by law, including notification to Sylvestre, and all procedures required by the Internal Revenue Code were followed with respect to the summonses. 5. The bank records are relevant for the purpose of reconstructing income received and said records are not already in the possession of the IRS. 6. No previous examination of the records has taken place for the periods under review and this matter has not been -3- referred to the criminal tax division of the Justice Department. It is evident that these averments by the revenue agent satisfy a prima facie case for the enforcement of these summonses. A review for possible income tax liability is certainly a legitimate purpose and records of financial institutions are relevant to that purpose. These bank records would not be expected to be already in the possession of the IRS. And, the agent stated that the matter had not been referred to the criminal division of the Justice Department and that all the required administrative steps were followed. Once a prima facie case for enforcement was made, it became Sylvestre's burden to refute the elements of the prima facie case or to present sufficient evidence that the court's process, invoked to enforce these summonses, was abused - that is, that the summonses had been issued for an improper purpose or for any other purpose reflecting on the good faith of the investigation. United States v. Powell, 379 U.S. at 58. We see _____________ ______ no need for a lengthy discourse as to the merits, and our corresponding rejection, of each of the numerous unsupported grounds Sylvestre listed in his attempt to quash these summonses. We address only Sylvestre's most potentially viable challenge - his claim concerning the IRS' failure to comply with the notice provisions of 7609(a)(1). Section 7609(a)(1) provides that notice of a third party summons shall be given to any person identified in the -4- description of the records contained in the summons [in this case, Sylvestre] within 3 days of the day on which service is made, "but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." The third party summonses were served on April 14, 1992 and directed the banks to produce the records on May 8, 1992. The IRS gave Sylvestre notice of these summonses on April 17, 1992. Notice, therefore, was given to Sylvestre within 3 days of the April 14th service on the banks,2 but 21, not 23, days before 21 the (May 8th) day for examination of the records. That the notice to Sylvestre fell two days short of the statutory provision, however, does not, as Sylvestre would have it, bar the enforcement of these summonses. As the Fifth Circuit has stated, in affirming the enforcement of a third party summons despite the premature disclosure of information about the records sought, ____________________ 2. Sylvestre argues that the provision for notice within 3 days of the service on the banks was also violated. The banks were served on April 14th at 2:55 p.m. Notice was given to him on April 17th at 4:00 p.m. Sylvestre says that 3 days means 72 hours, but that he was given notice 73 hours and 5 minutes after service. The IRS responds that the statute does not require that notice be given within 72 hours and there is no language suggesting that notice be given by the 72nd hour on the third day. The IRS contends that the statute permits notice to be served at any time on the third day. While we believe that the IRS has the better argument here, we need not definitively resolve it. Even were we to assume that the 3 day requirement was violated, for the same reason that we conclude that the 23 day violation does not bar enforcement of the summonses, so too would the argument concerning the 3 day violation fail. -5- [w]e, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS summons. Nothing in the language of the Code itself mandates this sanction for infringement. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances, including the government's good faith and the degree of harm imposed by the unlawful conduct. United States v. Bank of Moulton, 614 F.2d 1063, 1066 (5th Cir. _____________ _______________ 1980); see also United States v. Texas Heart Inst., 755 F.2d 469, ________ _____________ _________________ 478 (5th Cir. 1985) (where the taxpayer has received every benefit of the administrative steps required by the Code and has not shown any prejudice resulting from the failure to follow the strictures of the notice requirement, such failure by the IRS is harmless and enforcement of the summons is not barred), overruled _________ in part on other grounds, United States v. Barrett, 837 F.2d 1341 ________________________ _____________ _______ (5th Cir. 1988) (en banc) (per curiam), cert. denied, 492 U.S. _____________ 926 (1989). It is obvious that the purpose of notice, in advance of the date fixed for examination of records, to one, like Sylvestre, who is identified in the description of the records summoned from a third party recordkeeper, is to allow Sylvestre the opportunity to invoke his right to intervene and seek to quash the summons before that examination. See 26 U.S.C. ___ 7609(b). In this case, although Sylvestre was given notice 21, rather than 23, days before the day set for examination, -6- nonetheless he was able to, and did, timely move to quash the summonses. His objections to the summonses were heard before any records were examined. In fact, the third party recordkeepers have yet to comply with the summonses, so no records have been examined to this day. We find no reason to suspect bad faith in the two day shortfall in notice. Sylvestre has not been harmed by the IRS' failure to provide him with notice "no later than the 23rd day" before the date set for the examination of summoned records. We find neither error nor abuse of discretion in the district court's refusal to quash these summonses. See Rivera v. Chase ___ ______ _____ Manhattan Bank, No. 83 Civ. 1612, 1984 WL 195 (S.D.N.Y. Mar. 7, _______________ 1984) (absent harm to petitioner, summonses, notices of which were given to petitioner 22 and 18 days before the date set for examination, would not be quashed); see also Holifield v. United ________ _________ ______ States, 677 F. Supp. 996, 998 (E.D. Wis. 1987) (although summons ______ required third party to produce records 11 days after service of summons, in view of the fact that (a) the IRS later extended the date for production, (b) the plaintiff was able to move to quash, and (c) the records had not yet been produced, the plaintiff has not been harmed and the summons would be enforced). Sylvestre's complaints on appeal regarding the district court's refusal to permit him discovery and its refusal to strike Agent McGunagle's affidavit (and other claims merely listed in his brief's statement of issues) do not rise to the level of -7- appellate argument warranting consideration by this court. United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. ______________ _______ _____ denied, 494 U.S. 1082 (1990). In any event, Sylvestre needed to ______ do more than allege an improper purpose before discovery is ordered in a summary enforcement proceeding. United States v. ______________ Salter, 432 F.2d 697, 698 (1st Cir. 1970). Rather, he needed to ______ introduce some evidence supporting his allegations. Id. The ___ arguments Sylvestre raised at the district court did not carry his burden in this regard.3 The order of the district court denying the petition to quash and granting the motion to enforce the summonses is affirmed. In view of this ruling, the government's motion to _________ strike the appellant's statement of issues is denied as moot. Affirmed. _________ ____________________ 3. Sylvestre claimed a need for "pre-hearing discovery." He issued a subpoena to Agent McGunagle commanding his attendance at a deposition. As Sylvestre did not request an evidentiary hearing in the district court at which he could question Agent McGunagle, we have no occasion to pass on whether Sylvestre's showing sufficed to warrant such a preliminary evidentiary hearing. Cf. United States v. Freedom Church, 613 F.2d 316, 323 ___ _____________ ______________ (1st Cir. 1979) (threshold requirements for an evidentiary hearing were not met where, inter alia, petitioner presented no evidence, only a legal argument, at the enforcement hearing and did not ask permission to question the IRS agent). -8-