536 F.2d 1090
 76-2 USTC P 9605
 UNITED STATES of America and R. S. Phillips, Special Agent
of the Internal Revenue Service, Plaintiffs-Appellants,
v.
WRIGHT MOTOR COMPANY, INC., Wright Discount Company, and M.
E. Wright, President, Wright Motor Company, Inc.,
and Wright Discount Company,Defendants-Appellees.
 No. 74-4227.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 12, 1976.
 
 Wayman G. Sherrer, U. S. Atty., Charles D. Stewart, Asst. U. S. Atty., Birmingham, Ala., Scott P. Crampton, Asst. Atty. Gen., Dept. of Justice, Gilbert E. Andrews, Crombie J. D. Garrett, Daniel F. Ross, Tax Div., Appellate Section, Washington, D. C., for plaintiffs-appellants.
 James A. Harris, Jr., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, McCREE* and TJOFLAT, Circuit Judges.
 McCREE, Circuit Judge.
 
 
 1
 This is an appeal by the government from the district court's dismissal of a petition to enforce an Internal Revenue Service summons. The principal issue on appeal is whether the district court erred in ordering an IRS special agent to answer, in the course of his deposition, specific questions about a criminal investigation of the taxpayer. We affirm.
 
 
 2
 On April 23, 1974, IRS Special Agent Phillips served a summons upon M. E. Wright as President of Wright Motor Company, Inc. and Wright Discount Company for the purpose of investigating his personal tax liability. Mr. Wright declined to appear at the appointed place and also declined to produce the corporate records requested. On July 25, 1974, the government sought and obtained from the district court an order to show cause why the summons should not be enforced. In response, appellees filed an answer claiming, inter alia, that the government sought the information listed in the summons " 'solely' for a criminal prosecution of M. E. Wright." In addition, appellees filed a notice to take the deposition of the special agent in charge. Although the government sought a protective order to prohibit the special agent's deposition, the district court determined that appellees would be permitted to take the deposition "with respect to any matters which may indicate that the summons in this case was issued for the purpose of securing evidence for a criminal prosecution of respondents (appellees)." The limited nature of the district court's order allowing taxpayer to depose the special agent appears from an express prohibition forbidding the taxpayer to ask questions of the special agent which "would reveal the names or identities of any person giving information to the Internal Revenue Service concerning any possible tax liability or criminal activity of respondents."
 
 
 3
 At the deposition, the special agent testified that a criminal investigation had been commenced, but he refused to answer certain questions about it propounded by appellees' attorney. Appellees thereupon obtained a hearing before the district court for an order requiring the agent to answer. The district court reviewed the questions and ordered the special agent to answer five questions that he previously had refused to answer. The questions are:
 
 
 4
 "Q. O.K., can you tell us what specific areas of the taxpayer's return are under investigation by you or the Intelligence Division in connection with this case?"
 
 
 5
 "Q. Can you tell us how the specific documents well, can you tell us what issues are involved in your investigation of the taxpayer, what matters or particular circumstances are under consideration by the Intelligence Division?"
 
 
 6
 "Q. Can you tell us how the documents which you sought in your summons would relate to the particular issues under investigation by you?"
 
 
 7
 "Q. All right, have any statements been made to you by any person which would indicate to you criminal violations by Mr. Wright in connection with the filing of his tax returns?"
 
 
 8
 "Q. Are there allegations in this case involving omissions of income or erroneous deductions?"
 
 
 9
 Upon instructions from the Commissioner of Internal Revenue, the special agent continued to refuse to answer the questions. When the special agent failed to comply with the court's order, the district judge elected under F.R.Civ.P. 37(b)(2)(iii) to dismiss, with prejudice, the government's petition for enforcement.
 
 
 10
 We begin our analysis by briefly reviewing the decisions that bear on the issues presented in this appeal. In United States v. Roundtree, 420 F.2d 845 (5th Cir. 1969), we reversed a district court's enforcement of an IRS summons because the district court had refused to allow a taxpayer to discover, on deposition, whether the sole purpose of the summons was to further a criminal prosecution, or whether the IRS was using the summons in a course of personal harassment of the taxpayer. We concluded in Roundtree "that the taxpayer is entitled to investigate the IRS's purpose where such purpose has been put in issue and may affect the legality of the summons. Rule 26(b) (F.R.Civ.P.) instructs us that a party is entitled to examine a deponent on 'any matter, not privileged, which is relevant to the subject matter involved in the pending action'." 420 F.2d at 852 (footnote omitted.) We pointed out that the "district court has authority to curtail the deposition if it is conducted unreasonably." Id.
 
 
 11
 In 1971, the Supreme Court decided Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 in which the appropriateness of enforcing an IRS summons was considered. In that case, the summons was issued to the taxpayer's putative former employer, and required him to produce the records of taxpayer's compensation. The taxpayer sought to intervene in the enforcement proceeding and alleged that the IRS agents were engaged in an investigation solely to obtain evidence concerning criminal violations of the tax laws. The district court denied the taxpayer's motions and this court affirmed. United States v. Mercurio, 418 F.2d 1213 (5th Cir. 1969). The Supreme Court determined that since taxpayer had no proprietary interest in his employer's records nor any other protectable interest, he had no absolute right to intervene under F.R.Civ.P. 24(a)(2). The Court also considered whether a summons enforcement proceeding may be used if it is possible that a recommendation for criminal prosecution will be forthcoming. The Court held that an IRS summons "may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution." 400 U.S. at 536, 91 S.Ct. at 545. However, the Court also indicated that where the "sole objective of the investigation is to obtain evidence for use in a criminal prosecution, the purpose is not a legitimate one and enforcement may be denied." 400 U.S. at 533, 91 S.Ct. at 543.
 
 
 12
 After the Donaldson decision, this circuit decided United States v. Newman, 441 F.2d 165 (5 Cir. 1971). This case, like Roundtree, considered the proper procedure to be utilized in order to challenge the enforcement of an IRS summons. In Newman the taxpayer sought intervention in a summons enforcement proceeding directed against other individuals. The taxpayer contended that the IRS was simply looking for evidence to use against him in a criminal proceeding. Newman, one of the persons against whom the enforcement proceeding had been instituted, resisted its enforcement, and asserted that he had insufficient knowledge whether the IRS was conducting, as it alleged, a legitimate investigation to ascertain the correctness of taxpayer's income tax returns. We held that the district court was correct in enforcing the summons against Newman because he failed "even in the most conclusory terms . . . (to) attack the summons proceedings . . . by charging that there was an improper purpose behind the summons, that there was any harassment, that there was any lack of good faith, or that the summons was overreaching or vague." 441 F.2d at 170. We determined that the taxpayer was not entitled to mandatory or permissive intervention because his allegations were identical to the ones found to be deficient in Donaldson.
 
 
 13
 The government's first argument is that the district court did not have "good cause" as Rule 8(d) of the local rule requires, to order the deposition of the special agent. That rule provides:
 
 
 14
 Except as otherwise permitted by a Judge of the court for good cause shown, Rules 26 through 37 of the Federal Rules of Civil Procedure are inapplicable to such (summons enforcement) proceedings.
 
 
 15
 Rule 34 of the Federal Rules of Civil Procedure previously required a showing of "good cause" for the production of materials on discovery. In Southern Railway Co. v. Lanham, 403 F.2d 119 (5th Cir. 1968) this court indicated that the standard for reviewing a finding of "good cause" is abuse of discretion, and that because the "determination (of good cause) depends to a large extent upon the facts of each case, a wide latitude of discretion is necessarily vested in the trial judge." 403 F.2d at 126.
 
 
 16
 In the appeal before us, the district judge conducted a "lengthy and detailed conference with counsel to determine the propriety of the government's Motion to Quash (The Deposition)," and decided, at its conclusion, that the motion should be granted with the limited exception that defendants could depose Special Agent Phillips only with respect to matters that might indicate that the summons had been issued "for the purpose of securing evidence for a criminal prosecution of defendants."
 
 
 17
 A district court's exercise of discretion involves a determination of questions to which no strict rule of law is applicable, but which, by the nature of the case and the issues in it, must be controlled by the personal judgment of the court. Lines v. Falstaff Brewing Co., 233 F.2d 927, 932 (9th Cir. 1956), see also Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520 (1931). "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." 233 F.2d at 933 (italics deleted), quoting from Delno v. Market St. Ry., 124 F.2d 965, 967 (9th Cir. 1942). Here we conclude that the district judge carefully considered the taxpayer's need to substantiate his claim of the government's illegal purpose against the government's need for efficient and expeditious tax collection, and, in weighing these competing demands, struck a balance. Far from abusing his discretion, the district judge exercised his discretion judiciously.[1]
 
 
 18
 However, the determination whether the district court erred in granting taxpayer the right to depose Special Agent Phillips must also be consistent with our previous decisions about the procedure to be used in summons enforcement proceedings. We understand Roundtree, supra, to have established the principle that when a taxpayer alleges in a responsive pleading that the material sought by the IRS is to be used solely for a criminal prosecution, or that the IRS is engaged upon a course of personal harassment, the taxpayer is entitled to investigate the IRS' purposes through deposition of the special agent. We do not believe that either Donaldson or Newman reversed our holding in Roundtree that discovery procedures may be invoked for the limited purpose of determining whether the IRS has employed its summons powers for an improper purpose. Donaldson does not actually consider the procedures for investigating the IRS' purposes, but, in recognizing that where the "sole objective of the investigation is to obtain evidence for use in a criminal prosecution, the purpose is not a legitimate one and enforcement may be denied," 400 U.S. at 533, 91 S.Ct. at 543, we believe the Court impliedly recognized that a taxpayer may investigate, through discovery, the government's purposes.[2] We read Donaldson as not forbidding the denial of enforcement of an administrative summons issued solely for the investigation of criminal charges even though no recommendation for prosecution has been made. United States v. Zack, 521 F.2d 1366, 1368 (9th Cir. 1975), United States v. Weingarden, 473 F.2d 454, 460 (6th Cir. 1973).
 
 
 19
 The government also relies upon Newman. In that case, this court limited the availability of a deposition to those instances when the summoned party raises "in a substantial way the existence of substantial deficiencies in the summons proceeding." 441 F.2d at 169. As we pointed out above, the summoned party in Newman wholly failed to allege that the government issued the summons for any improper purpose. Under such circumstances, of course, it was proper to hold that discovery should not be permitted before the summons was summarily enforced. The government contends that the taxpayer here has not "raised in a substantial way the existence of substantial deficiencies in the summons proceedings," and cites two cases for the proposition that the mere allegation of an improper purpose in issuing a summons does not justify discovery. United States v. Salter, 432 F.2d 697, 700 (1st Cir. 1970), United States v. National State Bank, 454 F.2d 1249, 1252 (7th Cir. 1972). Although the cases do contain statements to that effect, it is significant to note that in the Salter case the court recognized that a general solution to the taxpayer's need for discovery in summons enforcement cases would be for
 
 
 20
 the district court to proceed directly to a hearing at which, if desired, the summonee could examine the agent who issued the summons, concerning his purpose. The court could then, by observation and, where necessary, its own questioning of the agent, make its own determination of whether exploration, as by discovery, seemed to be in order. 432 F.2d at 700.
 
 
 21
 The procedure approved in Salter does not differ significantly from the procedure we have adopted in Roundtree. As the Salter court observed, in Roundtree, we did not grant broad discovery to the taxpayer; we upheld the district court's refusal to order discovery of IRS records and files. Permitting the taxpayer to depose the agent does not differ significantly from the procedure approved by the Salter court that allows a taxpayer to take the testimony of the agent at a hearing before the district court. See United States v. Salter, 432 F.2d at 701, n.7. Accordingly, we hold that the taxpayer has made the requisite showing required under our prior decisions to warrant the district court's order granting taxpayer the limited right to depose the special agent.
 
 
 22
 The government further contends that under Donaldson, it is irrelevant that the IRS is conducting a criminal investigation as long as there is a valid civil tax purpose for the investigation. Taxpayer argues that under F.R.Civ.P. 26(b) he is entitled to ask questions of the special agent that appear to be "reasonably calculated to lead to the discovery of admissible evidence." Although generally the scope of inquiry for the purposes of discovery is broader than the test for admissibility at trial, Smith v. Schlesinger, 168 U.S.App.D.C. 204, 513 F.2d 462 (1975), the latitude applicable to a summons enforcement proceeding is more restricted than that permitted under the broad discovery authorized by Rule 26. See Donaldson v. United States, 400 U.S. at 528-29, 91 S.Ct. 534, United States v. Newman,441 F.2d at 169, United States v. Smith, 373 F.Supp. 14, 18 (S.D.Miss. 1974). As the Salter court made clear:
 
 
 23
 A broad discovery order puts the Internal Revenue Service under a severe handicap in conducting a civil investigation. Broad discovery can be expected to cause extensive delays and to jeopardize the integrity and effectiveness of the entire investigation. 432 F.2d at 700-01.
 
 
 24
 Although we believe that the government is correct in its contention that a valid civil purpose for an investigation is sufficient to allow the enforcement of a summons, United States v. Moore, 485 F.2d 1165 (5th Cir. 1973), we do not believe that discovery should be denied upon the government's bare assertion of its existence because a "summonee must be afforded at least some opportunity to substantiate its allegations." United States v. Church of Scientology, 520 F.2d 818, 824 (9th Cir. 1975) (italics in original). Accordingly, we hold that the district court did not err in ordering the special agent to answer questions inquiring whether the summons was issued solely for a criminal prosecution of taxpayer.
 
 
 25
 The government also challenges the district court's dismissal of the suit as an unwarranted penalty for the special agent's refusal to answer taxpayer's questions at the deposition. We agree with the district court that the information sought by the taxpayer was relevant to the issue whether a criminal investigation was underway. We also agree with the district court that the special agent's refusal to answer the questions was a "calculated, wilful refusal to obey (the district court's) order without justification or excuse." Accordingly, we hold that the district court did not abuse its discretion in dismissing the government's action with prejudice.[3]
 
 
 26
 AFFIRMED.
 
 
 
 *
 Of the Sixth Circuit, sitting by designation
 
 
 [1]
 Justice, now U. S. District Judge, Talbot Smith stated in Spalding v. Spalding, 355 Mich. 382, 384, 94 N.W.2d 810, 811 (1959) that:
 Where . . . the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.
 
 
 [2]
 The Court expressly recognized that the Federal Rules of Civil Procedure apply to a summons proceeding, although observing that a district court may, by local rule, limit the application of the rules in summons proceedings. 400 U.S. at 528-29, 91 S.Ct. 534
 
 
 [3]
 We observe that the district court originally was inclined to find the special agent in contempt and commit him to jail, but relented upon the government's motion that the district court choose an alternative sanction under Rule 37