655 F.2d 661
 81-2 USTC P 9666
 UNITED STATES of America and Richard M. Kapouch, Special
Agent of the Internal Revenue Service, Plaintiffs-Appellees,
v.
SOUTHEAST FIRST NATIONAL BANK OF MIAMI SPRINGS, Defendant,
Clarence H. O'Donnell, Intervenor-Appellant.
 No. 80-5024.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 Sept. 11, 1981.
 Michael G. Parham, East Point, Ga., for intervenor-appellant.
 Charles E. Brookhart, Murray S. Horwitz, Attys., Tax Div., Dept. of Justice, Washington, D. C., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sect., Richard D. Buik, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.
 Jose I. Astigarraga, Miami, Fla., for other interested parties.
 Appeal from the United States District Court for the Southern District of Florida.
 Before MORGAN, RONEY and KRAVITCH, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 This is an appeal by the taxpayer from a district court order enforcing a summons issued by the Internal Revenue Service to taxpayer's bank. The principal issue for review is whether the district court erred in denying taxpayer's request for an adversary hearing on the question of whether the IRS issued the summons for an improper purpose. We agree that the taxpayer was entitled to a hearing, and therefore we reverse the district court and remand for further proceedings.
 
 I.
 
 2
 On June 21, 1979, IRS Special Agent Richard M. Kapouch issued a summons under the authority of 26 U.S.C. § 7602 to the First National Bank of Miami Springs ordering the bank to appear and produce records relating to the accounts maintained at the bank by the taxpayer and his wife. Following notice by the IRS of the issuance of the summons, 26 U.S.C. § 7609, the taxpayer instructed the bank not to produce the summoned documents, and the bank complied with this request.
 
 
 3
 On October 19, 1979, the IRS petitioned the district court to judicially enforce the third-party summons under the authority granted by 26 U.S.C. §§ 7402(b) and 7604(a). In the petition, and in the accompanying affidavit of Special Agent Kapouch, the IRS asserted that the investigation was being conducted for the purpose of ascertaining taxpayer's correct income tax liabilities, that the information sought was essential to the accomplishment of this purpose, and that the information was not already in the possession of the IRS. On October 26, 1979, the district court issued an order requiring the bank to appear on November 8, 1979, and show cause why the summons should not be enforced.
 
 
 4
 On November 5, 1979, the taxpayer filed a motion to intervene, an answer, and an affidavit. Taxpayer's answer denied the allegations in the IRS' petition and alleged, inter alia, that the IRS had acted in bad faith by issuing the summons for the sole purpose of gathering evidence for a criminal prosecution. In an affidavit and memorandum filed simultaneously with his answer, the taxpayer indicated that he wished to conduct discovery in order to substantiate his claims and requested that the scheduled hearing be continued to furnish him sufficient time to complete this task. Additionally, the taxpayer asserted that the court lacked jurisdiction to enforce the summons because it failed to observe the time requirements of Rule 12 of the Federal Rules of Civil Procedure.
 
 
 5
 There is no transcript of the hearing held on November 8. The taxpayer stated in his brief and the IRS did not disagree that at the hearing the court permitted the taxpayer to intervene in the proceedings but informed the parties that, because of time constraints, the hearing would have to be postponed to another day. The court directed the taxpayer to submit a letter setting forth a brief summary of his position and an estimate of the amount of time needed to present his argument. The court stated that, upon its review of the letter, a new hearing date would be set.
 
 
 6
 In his letter to the district judge the taxpayer briefly restated the allegations he had earlier raised in the documents filed with the court. The taxpayer again argued that the court lacked jurisdiction to enforce the summons. In the "remote event" that the court failed to grant taxpayer's motion to dismiss on this ground, the taxpayer requested additional time to conduct discovery on his claim that the IRS had engaged in institutional bad faith in issuing the summons. The taxpayer argued that, with discovery, he would be able to establish that the IRS had "proceeded along the criminal route from the beginning." He estimated that he could present his case in one to two hours.
 
 
 7
 On December 11, 1979, the district court entered an order allowing taxpayer to intervene pursuant to 26 U.S.C. § 7609, but granting enforcement of the summons. The court dispensed with the arguments raised by the taxpayer with the single sentence that it "did not agree that the underlying claims of O'Donnell entitle him to relief." Taxpayer filed motions requesting that the court vacate its judgment, allow a rehearing so that the taxpayer could orally examine the IRS agent, and stay the execution of the judgment. The court denied these motions, and the taxpayer appealed.
 
 II.
 
 8
 We will first address the taxpayer's contention that the district court lacked jurisdiction to enforce the IRS summons because it failed to provide the taxpayer with 20 days in which to answer the IRS' petition as required under Rule 12 of the Federal Rules of Civil Procedure. We see no merit to this argument.
 
 
 9
 In Donaldson v. United States, 400 U.S. 517, 528, 91 S.Ct. 534, 541, 27 L.Ed.2d 580 (1971), the Supreme Court recognized that although the civil rules "do have an application to a summons proceeding ... (they) are not inflexible in this application." The basis for the Court's conclusion was the language of Rule 81(a)(3), which provides in pertinent part:
 
 
 10
 These rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.
 
 
 11
 Fed.R.Civ.P. 81(a)(3) (emphasis added). The effect of this language is to make application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court. Although the court may resort to the rules whenever it deems them "helpful," it need not apply the rules when to do so "may conflict with the summary determination desired." Advisory Committee Notes of 1946.
 
 
 12
 In the present case the taxpayer had 14 days from the date he was served with the show cause order until the scheduled hearing. During this interim the taxpayer filed not only an answer to the IRS' petition but an affidavit, a motion to intervene, and a memorandum of law. Furthermore, the taxpayer was given additional time to draft a letter setting forth his position. Clearly, under these circumstances the failure to provide taxpayer with 20 days to file an answer did not prevent the taxpayer from responding to IRS' petition. Because the taxpayer has failed to demonstrate any prejudice, we find that the district court acted within its discretion in modifying the time requirements of the Rule 12. See United States v. Zimmerman, 415 F.Supp. 1380 (W.D.Tex.1976).
 
 III.
 
 13
 The taxpayer challenges the district court's enforcement of the IRS summons on two grounds. First, the taxpayer argues that the IRS never made a prima facie showing that it issued the summons in good-faith pursuit of a congressionally authorized purpose of § 7602, a preliminary showing required by United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Second, the taxpayer asserts that by refusing to grant a hearing on the IRS' motive for issuing the summons, the district court deprived taxpayer of a fair opportunity to substantiate his claim that the IRS was using its subpoena power solely to gather evidence for a criminal prosecution. Although we see no merit to the argument that the IRS failed to carry its initial Powell burden, we agree that the district court erred in denying taxpayer a hearing on the question of the IRS' purpose in issuing the summons.
 
 A.
 
 14
 Section 7602 of the Internal Revenue Code authorizes the IRS to summon the taxpayer or a third party to testify and to produce documents which are relevant to an inquiry concerning tax liability. Should the taxpayer refuse to produce the summoned material, the IRS must petition the district court for judicial enforcement of its summons. 26 U.S.C. §§ 7402(b), 7604(a). In its petition for enforcement the IRS need not meet any standard of probable cause but need only make a preliminary showing
 
 
 15
 that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed ....
 
 
 16
 United States v. Powell, supra, 379 U.S. at 57-58, 85 S.Ct. at 254-255. Once the IRS meets its initial burden of showing good faith issuance of the summons, the burden shifts to the taxpayer to establish that the IRS failed to meet its Powell burden or that enforcement of the summons would constitute an abuse of the court's process. Id. at 58, 85 S.Ct. at 255.
 
 
 17
 In its petition for enforcement and in the supporting affidavit the IRS stated that it had complied with all the Powell requirements in issuing the summons. The taxpayer concedes that the IRS made these allegations but points out that in his answer he denied that any of the Powell elements had been satisfied. The taxpayer argues that at this point the IRS had to come forward with evidence to support its allegations and that, because it neglected to produce such evidence, the summons should not have been enforced. This argument misperceives the burden of proof applicable in summons enforcement proceedings. Although under Powell the IRS has the initial burden of showing that the summons was issued for a proper purpose, the case law is clear that this showing, which establishes a prima facie case for enforcement, may be made by a sworn affidavit of the agent who issued the summons. United States v. Davis, 636 F.2d 1028, 1034 (5th Cir. 1981); United States v. Moon, 616 F.2d 1043, 1046 (8th Cir. 1980); United States v. Garden State Nat'l Bank, 607 F.2d 61 (1979). Once the IRS makes this minimal showing for enforcement, the burden shifts to the taxpayer to come forward with rebutting evidence. Simply denying the existence of the Powell elements, which is all the taxpayer did here, will not serve to defeat the IRS' prima facie case. We find that on this record the IRS carried its initial burden under Powell.
 
 B.
 
 18
 Because any tax fraud inquiry involves civil and criminal elements that are "inherently intertwined," United States v. LaSalle Nat'l Bank, 437 U.S. 298, 309, 98 S.Ct. 2357, 2363, 57 L.Ed.2d 221 (1978), the courts have determined that the IRS is empowered to issue a § 7602 summons even though the investigation potentially may result in a recommendation for criminal prosecution of the taxpayer. Id.; Donaldson v. United States, 400 U.S. 517, 532-36, 91 S.Ct. 534, 543-545, 27 L.Ed.2d 580 (1971); Venn v. United States, 400 F.2d 207, 210 (5th Cir. 1968). It is well settled, however, that the IRS may not utilize its summons power when the sole purpose of its investigation is to gather evidence for a criminal prosecution. LaSalle, supra, 437 U.S. at 316 n.18, 98 S.Ct. at 2367; Donaldson, supra, 400 U.S. at 533, 91 S.Ct. at 543. The question of whether a summons was issued solely for purposes of a criminal investigation does not depend upon the motive of the investigating agent but must "be answered by an examination of the institutional posture of the IRS." LaSalle, supra, 437 U.S. at 316, 98 S.Ct. at 2367. The burden of proving that the IRS, as an institution, has abandoned any pursuit of taxpayer's civil tax liability is a heavy one, requiring the taxpayer to prove an "extraordinary departure" from IRS' established procedures. Id. 314, 316, 98 S.Ct. at 2366, 2367.
 
 
 19
 In his answer and in his letter to the district judge the taxpayer raised the claim that the sole objective of the IRS' investigation was to gather evidence for a criminal prosecution.[1] On appeal the taxpayer argues that the district court's refusal to provide an evidentiary hearing deprived him of a fair opportunity to substantiate this claim. The IRS responds that because the taxpayer never offered facts in support of his bald, conclusory allegations of improper purpose, no hearing was required. On the authority of United States v. Harris, 628 F.2d 875 (5th Cir. 1980), which recently summarized the Fifth Circuit precedent on this issue, we reject the IRS' argument and hold that the taxpayer was entitled to a hearing on his sole criminal purpose defense.
 
 
 20
 The Supreme Court has long recognized the adversary nature of a summons enforcement proceeding and has noted the taxpayer's right to challenge the summons at an evidentiary hearing. Thus, in United States v. Powell, supra, the Court referred to "the adversary hearing to which the taxpayer is entitled before enforcement is ordered," 379 U.S. at 58, 85 S.Ct. at 255 (emphasis added), and in Donaldson v. United States, supra, the Court stated that a summary proceeding may be utilized in a summons enforcement case "so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." 40 U.S. at 529, 91 S.Ct. at 541 (emphasis added). See also United States v. Euge, 444 U.S. 707, 719, 100 S.Ct. 874, 882, 63 L.Ed.2d 141 (1980). This court, echoing these principles has declared that the parties to a summons enforcement proceeding " 'must be given a full opportunity in an adversary hearing to present their case.' " United States v. Roundtree, 420 F.2d 845, 851 (5th Cir. 1969) (quoting Venn v. United States, 400 F.2d 207, 212 n.12 (5th Cir. 1968)); Dunn v. Ross, 356 F.2d 664, 667-68 (5th Cir. 1966).
 
 
 21
 Our cases have recognized, however, that a taxpayer's right to an adversary hearing is not absolute. United States v. Harris, supra, 628 F.2d at 879. In United States v. Roundtree, supra, 420 F.2d 845, where we reversed the enforcement of an IRS summons because the district court refused to allow the taxpayer to depose the investigating agent, we held that a "taxpayer is entitled to investigate the IRS' purpose where such purpose has been put in issue and may affect the legality of the summons." Id. at 852 (emphasis added). The court, however, provided no guidelines on what a taxpayer must do to place the IRS' purpose "in issue." Later, in United States v. Newman, 441 F.2d 165 (5th Cir. 1971), we held that before a summoned party is entitled to an adversary hearing or pre-hearing discovery, he "must raise in a substantial way the existence of substantial deficiencies in the summons proceedings." Because the summoned party in Newman failed "even in the most conclusory terms ... (to) attack the summons proceedings," we concluded that there was nothing to "hear" and therefore no need for an adversary hearing.[2]
 
 
 22
 In both Roundtree and Newman we limited our inquiry to whether under the particular circumstances of those cases the summoned party had properly raised a defense to the enforcement of the summons. Neither opinion attempted to define the minimum a taxpayer must do before raising his defense to the summons "in a substantial way." More importantly, neither opinion addressed the precise question presented here: whether the mere allegation that a summons was issued solely for purposes of a criminal prosecution is sufficient to entitle the taxpayer to an adversary hearing on his claim. However, a similar question was addressed by this court in United States v. Wright Motor Co., 536 F.2d 1090 (5th Cir. 1976.)[3]
 
 
 23
 In Wright Motor the taxpayer alleged, without providing a supporting factual background, that the IRS summons was issued solely to obtain evidence for a criminal prosecution. Relying on Roundtree, we affirmed the district court's order requiring the IRS special agent to respond to the taxpayer's questions at a prehearing deposition:
 
 
 24
 We understand Roundtree, supra, to have established the principle that when a taxpayer alleges in a responsive pleading that the material sought by the IRS is to be used solely for a criminal prosecution, or that the IRS is engaged upon a course of personal harassment, the taxpayer is entitled to investigate the IRS' purposes through deposition of the special agent.
 
 
 25
 United States v. Wright Motor Co., supra, 536 F.2d at 1094. Although the court spoke in terms of the taxpayer's right to depose the IRS agent, the court specifically agreed with the First Circuit that a general solution to the taxpayer's need for discovery would be for
 
 
 26
 the district court to proceed directly to a hearing at which, if desired, the summonee could examine the agent who issued the summons, concerning his purpose. The court could then, by observation and, where necessary, its own questioning of the agent, make its own determination of whether exploration, as by discovery, seemed to be in order.
 
 
 27
 Id. at 1095 (quoting United States v. Salter, 432 F.2d 697, 700 (1st Cir. 1970)). The court concluded that there was no significant difference between questioning the agent at a prehearing deposition and questioning him at an evidentiary hearing.
 
 
 28
 Wright Motor's central premise that a taxpayer must be given a meaningful opportunity to challenge the legality of an IRS summons was reaffirmed by this court in United States v. Harris. In Harris Judge Simpson, after canvassing the relevant Fifth Circuit authority, concluded that despite some rather ill-considered language in our cases to the contrary, a taxpayer is not necessarily prejudiced when a district court prohibits the deposition of the IRS agent. Judge Simpson concluded that an adversary hearing provides an adequate substitute for a prehearing deposition and, in a footnote, he emphasized the crucial importance of an adversary hearing to a taxpayer seeking to challenge a § 7602 summons:
 
 
 29
 We decide, infra, that a taxpayer is not always entitled to discovery before the summons enforcement hearing. Therefore it is appropriate to allow the adversary hearing even though the taxpayer has only alleged, without providing a supporting factual background, that the summons was issued for an improper purpose. Otherwise the taxpayer might be placed in the unfair dilemma of having to provide supporting facts, but having no way to obtain those facts.
 
 
 30
 United States v. Harris, supra, 628 F.2d at 880 n.6 (emphasis added).
 
 
 31
 In this brief aside, Judge Simpson has clearly delineated the flaw in the IRS' present argument that the taxpayer was not entitled to an adversary hearing because he never factually supported his allegations of bad faith. The Supreme Court has imposed a heavy burden on taxpayers to establish that the IRS, "in an institutional sense," has abandoned the pursuit of a civil tax collection. United States v. LaSalle Nat'l Bank, supra, 437 U.S. at 318, 98 S.Ct. at 2368.[4] Without a right to either pretrial discovery, a right severely curtailed in Harris, or an adversary hearing before the district judge, a taxpayer threatened with judicial enforcement of an IRS summons will have no meaningful opportunity to determine whether the IRS issued the summons for a proper purpose. Instead, the taxpayer, who normally has no knowledge of the facts necessary to establish institutional purpose, will be forced to accept on blind faith the IRS' protestations that it had a civil motive for issuing the summons. Given these circumstances, we simply refuse to create a rule that would require taxpayer to allege a factual background before he is entitled to the initial, basic discovery provided by an adversary hearing. To accept this view would impose "an unreasonable circular burden on the taxpayer: the facts that he must show to obtain discovery are only available through discovery." Note, The Institutional Bad Faith Defense to the Enforcement of IRS Summonses, 80 Colum.L.Rev. 621, 638 (1980). We will not saddle the taxpayer with this "Catch 22."
 
 
 32
 For these reasons of practicality and fairness, we hold that an allegation of improper purpose is sufficient to trigger a limited adversary hearing where the taxpayer may question IRS officials[5] concerning the Service's reasons for issuing the summons. At the enforcement hearing the taxpayer should be permitted to discover
 
 
 33
 the identities of the investigating agents, the date the investigation began, the dates the agent or agents filed reports recommending prosecution, the date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation, the date the Office of Regional Counsel referred the matter for prosecution, and the dates of all summonses issued under 26 U.S.C. § 7602. Furthermore, the taxpayer should be entitled to discover the nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.
 
 
 34
 United States v. Harris, supra, 628 F.2d at 884 n.7 (quoting United States v. Genser, 595 F.2d 146, 152 (3d Cir. 1979)). This information is absolutely essential to a taxpayer's defense and, in the usual case, is only available from the IRS officials[6] who participated in the investigation. Without their testimony, the taxpayer's burden of proving bad faith becomes impossible. We therefore hold that although the district court may in his discretion restrict or deny prehearing discovery, United States v. Harris, supra, he may not refuse a limited enforcement hearing when to do so would deny taxpayer his sole means of demonstrating the truth (or falsity) of his allegations.
 
 
 35
 We REVERSE the district court and REMAND for further proceedings consistent with this opinion.
 
 
 
 [1]
 At oral argument the attorney for the government repeatedly stated that the taxpayer had never raised the specific argument that the summons was issued solely for purposes of a criminal investigation. The record indicates otherwise
 
 
 [2]
 As we pointed out in United States v. Harris, supra, 628 F.2d 875, however, even where a taxpayer fails in his responsive pleadings to allege "in a substantial way" some deficiency in the summons proceedings, the district court may in its discretion grant the taxpayer an evidentiary hearing. Id. at 879-80
 
 
 [3]
 The precise question in Wright Motor was whether the mere allegation of sole criminal purpose gave the taxpayer the right to depose the special agent. However, as the court suggested in Wright Motor and as we later held in Harris, permitting the taxpayer to examine the agent at an adversary hearing is the "substantial equivalent" of a prehearing deposition of the agent and satisfies the taxpayer's need for discovery. United States v. Harris, supra, 628 F.2d at 883. Thus, the court's resolution of the question presented in Wright Motor is precedent for the question presented here
 
 
 [4]
 After noting that it is the taxpayer's burden "to disprove the actual existence of a valid civil tax determination or collection purpose by the Service," 437 U.S. at 316, 98 S.Ct. at 2367, the Court continued:
 Without doubt, this burden is a heavy one. Because criminal and civil fraud liabilities are coterminous, the Service rarely will be found to have acted in bad faith by pursuing the former. On the other hand, we cannot abandon this aspect of the good-faith inquiry altogether. We shall not countenance delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral and the Service merely would like to gather additional evidence for the prosecution.
 Id. at 316-17, 98 S.Ct. at 2367.
 
 
 [5]
 LaSalle emphasized that the intent of the individual agent is no longer dispositive in establishing the institutional posture of the IRS. LaSalle, supra, 437 U.S. at 315-16, 98 S.Ct. at 2366-2367. Nevertheless, it is clear that some of the information listed under the Genser test may be provided by the investigating agent. Any information not within the knowledge of the agent must be supplied by a staff member of the Regional Counsel's Office or by some other individual who is authorized to speak on behalf of the institution
 
 
 [6]
 In his letter to the district court the taxpayer, who was proceeding pro se, stated that
 (i)t is my understanding that in order to get this summons quashed at an enforcement hearing, I must prove "institutional" bad faith on the part of the Internal Revenue Service, and in order to prove "institutional" bad faith I have to have discovery for without discovery the only individual from whom testimony can be illicited (sic) is the issuing officer (Special Agent) and the testimony of the Special Agent is irrelevant in establishing bad, or good, faith of the Internal Revenue Service as an "institution."
 At oral argument the government attorney argued that the taxpayer demonstrated that he had no need for an adversary hearing when he declared to the district judge that the agent's testimony was "irrelevant". We disagree. The taxpayer's remark resulted from his legal conclusion that the agent's intent cannot be equated with the institutional purpose of the IRS. But while the taxpayer is correct that the agent's intent is no longer dispositive, he is mistaken in assuming that the agent's testimony can never be useful in establishing institutional purpose. In fact, as we observed in note 5, supra, much of the information that the taxpayer is entitled to discover under the Genser test can be supplied by the agent. We do not believe that taxpayer's misconception deprived him of his right to an adversary hearing, however. Taxpayer clearly indicated to the court his allegation that the summons was issued solely for purposes of a criminal prosecution, and he emphasized that he needed discovery in order to substantiate his claim. The court should have realized that the taxpayer had underestimated the agent's value in establishing institutional purpose and, more importantly, should have recognized that this error did not diminish the taxpayer's need to discover the Genser information, whether the information was supplied by the agent or some other IRS official.
 We also note that taxpayer appears to have been laboring under the misconception that he had a right to discovery prior to the date of the evidentiary hearing. Taxpayer's mistake should not be construed as a waiver of his right to an adversary hearing. United States v. Church of Scientology, 520 F.2d 818 (9th Cir. 1975); United States v. McCarthy, 514 F.2d 368, 376 n.11 (3d Cir. 1975).