**UNITED STATES of America and Peter P. Hearty, Revenue Agent of the Internal Revenue Service**

v.

**Don S. LEWIS.**

**Civ. A. No. 84–3587.**

United States District Court,
E.D. Louisiana.

March 22, 1985.

Eneid A. Francis, Asst. U.S. Atty., New Orleans, La., for petitioner.

Steven I. Klein, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MENTZ, District Judge.

## FINDINGS OF FACT

### I.

This litigation involves a petition to enforce a summons issued by the Internal Revenue Service ("IRS" or "service") on June 12, 1984. The summons ordered Mr. Don Lewis to appear before Revenue Agent Hearty on June 28, 1984 and to produce various papers and books relating to the income and allowable tax deductions for Don S. and Urilda T. Lewis for the taxable years 1981 and 1982. On June 28, 1984, Mr. Lewis appeared in response to the summons, but failed to produce any of the summoned material. Revenue Agent Hearty did not question Mr. Lewis and stated that if he had known Mr. Lewis would resist the summons he would not have required Mr. Lewis to appear.

### II.

In early 1980, Special Agent Daigle commenced a criminal tax investigation of Ted Lewis, Don Lewis' brother. On August 18, 1980, Mr. Daigle ordered Don Lewis' tax returns and turned them over to Revenue Agent Landry with instructions to analyze them for audit potential. Subsequent to the analysis, Revenue Agent Landry ordered an audit of Don Lewis' returns. Special Agent Daigle stated that he summoned Don Lewis' tax returns in order to see how Mr. Lewis handled his share of the Don and Ted Lewis partnership arrangement. Special Agent Daigle previously had been given all of the partnership records maintained by the partnership on March 28, 1980.

### III.

Revenue Agent Landry admitted that Don Lewis' tax returns were not necessary or relevant in analyzing Ted Lewis' treatment of his income from the partnership.

### IV.

Ted Lewis actively resisted any summons issued by the Internal Revenue Service resulting in protracted litigation and delay in completing the audit on his returns.

## CONCLUSIONS OF LAW

### I.

■ The respondent, Mr. Lewis, asserts that the IRS summons is illegal and therefore unenforceable. Respondent's first argument is that the summons was issued to harass the Lewis family. The respondent asserts that Mr. Daigle was so frustrated with his inability "to get" Ted Lewis that he decided to get even with the Lewis family through a series of audits.

The Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), set out the prerequisites to a valid summons: (1) The government must make a preliminary showing that the investigation is pursuant to a legitimate purpose; (2) the inquiry is relevant for that purpose; (3) the information is not already in the possession of the IRS; and (4) the requisite administrative steps required by the Internal Revenue Code have been followed. 379 U.S. at 57, 85 S.Ct. at 254. Examples of an improper purpose include harassing the taxpayer, or putting "pressure on him to settle a collateral dispute, or for any other purpose reflecting on

the good faith of the investigation". 379 U.S. at 58, 85 S.Ct. at 255.

The preliminary showing of good faith and proper purpose may be made by the declaration of the agent who issued the summons. *United States v. Southeast First National Bank of Miami Springs*, 655 F.2d 661, 664 (5th Cir.1981). Once this preliminary showing is made, the burden shifts to the taxpayer to prove that the issuance of the summons was not made in good faith. *United States v. LaSalle National Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).

■ Revenue Agent Hearty has filed a declaration that the summons issued complies with the requirements outlined in *Powell*, therefore, a preliminary showing of good faith has been made. *Southeast First National Bank*, 655 F.2d at 664. The respondent now bears the burden, a heavy burden, of proving that the summons was issued for an improper purpose. *LaSalle National Bank*, 437 U.S. at 316, 98 S.Ct. at 2367.

In the case at bar, Revenue Agent Landry issued the summons. The respondent does not assert that Mr. Landry had any kind of improper motive or intent to harass the Lewis family. The respondent would impute Special Agent Daigle's alleged improper motives to Mr. Landry based on the fact that Mr. Daigle gave Mr. Landry the respondent's tax returns to evaluate for audit potential.

The Court rejects this argument. Although examination of the issuing agent's notice may be necessary to evaluate good faith, it is not necessary to evaluate the motive of each agent who comes in contact with a particular taxpayer's case. This "would unnecessarily frustrate the enforcement of the tax laws by restricting the use of the summons according to the motivation of a single agent". *LaSalle National Bank*, 437 U.S. at 316, 98 S.Ct. at 2367. As Mr. Landry made an independent evaluation of the two returns in good faith, the respondent has not met his burden of proving that the summons was issued for an improper purpose.

## II.

■ The respondent also asserts the IRS has violated the third prerequisite of the *Powell* case. Lewis suggests the information sought is already in the hands of the IRS. *Powell*, 379 U.S. at 57, 85 S.Ct. at 254. The Fifth Circuit has held that the " 'already possessed' exception to the enforcement of Internal Revenue summons" shall be narrowly construed. *United States v. Linsteadt*, 724 F.2d 480, 483 (5th Cir.1984). It is a "prohibition of unnecessary summons rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS". *United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir.1981). The *Davis* court limited the "already possessed" rule to cases similar to *United States v. Pritchard*, 438 F.2d 969 (5th Cir. 1971) "where a revenue agent had informally examined the taxpayer's records at length and later sought to force their production without any explanation of why the opportunity for informal examination had been insufficient". *Davis*, 636 F.2d at 1038.

The Court finds that the abuses present in *Pritchard* do not exist in the present case. Mr. Lewis has not proved that the summoned data is in the IRS' possession. The issuance of third party summonses is not, by itself, proof that the summons has been complied with. Further, the Court finds that the "marginal burden of supplying the information which may already be in the IRS' hands is small". 636 F.2d at 1038. Therefore, the Court will enforce the summons.

## III.

■ The respondent's third argument is that the records requested by the IRS are privileged under the Fifth Amendment. The Fifth Amendment states in pertinent part that "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V.

**1172**

It is well settled that "blanket assertions of privilege before a district court are usually unacceptable". *Davis*, 636 F.2d at 1044 n. 20, *citing, United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir.1974); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir.1969). In order to validly raise the Fifth Amendment privilege the respondent must assert the defense with respect to each record. *Roundtree*, 420 F.2d at 852. Only then, will the District Court be able to evaluate whether the claim of privilege is justified. *Id.* Because Mr. Lewis has not pleaded the Fifth Amendment with respect to each specific document, he has not met his burden of showing that the documents are privileged.

## IV.

■ Mr. Lewis raised an alternative constitutional impediment to enforcement of the summons. He argues that the summons does not conform to the Fourth Amendment prohibition of unreasonable searches or seizures in that the summoned documents are not described with reasonable certainty. The summons issued to the respondent provides in pertinent part:

2. All information which would be necessary to enable a representative of the Internal Revenue Service to properly determine total income earned or sources of funds received for the period January 1, 1981, through December 31, 1982.

The Court in *United States v. Klir*, 47 AFTR 2d 81–1399, (E.D.Tex.1979), *aff'd by unpublished order*, 644 F.2d 33 (5th Cir. 1981), addressed the validity of a similar provision. The Court held that the second item listed in the summons, in effect, requested all relevant documents and therefore, the request was overbroad. *Id.* at 81–1400. The Court reasoned that because the respondents were forced to determine whether documents were relevant, it would be impossible to enforce the summons by a contempt proceeding. *Id.* Further, the IRS would not be able to establish that a document is relevant by simply requesting all relevant information. *Id.* Accordingly, this Court holds that the second section of the summons is unenforceable in that it does not describe the documents summoned with reasonable certainty.

## V.

■ The respondent's last argument is that the IRS has waived its right to enforce the summons. On June 28, 1984 Mr. Lewis appeared before Revenue Agent Hearty, but through his counsel stated that he would not comply with the summons because it was not issued for a proper purpose and because it violated Mr. Lewis' rights under the Fourth, Fifth, Sixth, Ninth and Tenth Amendments of the United States Constitution. Mr. Hearty then stated that he would not have required Mr. Lewis to appear had he known Mr. Lewis would resist the summons. Mr. Lewis asserts that this statement constitutes a waiver citing *United States v. Malnik*, 489 F.2d 682 (5th Cir.1974).

*Malnik* involved a situation where the IRS and the taxpayer agreed that taxpayer would not appear, then seven months later, the IRS asked the District Court to compel him to comply with the summons. *Id.* at 688. The Court held that, "based solely on the government's agreement that Malnik need not comply with the summons," the IRS had waived its right to enforce the summons. *Id.* In the present case, there has been no such agreement. Therefore, Mr. Hearty's statement does not constitute a waiver of the IRS summons.

For these reasons, the Court concludes that the first and third parts of the summons shall be enforced. Section two shall not be enforced because it violates the Fourth Amendment. Accordingly, IT IS SO ORDERED.