**UNITED STATES of America, Plaintiff,**

v.

**Louis R. MAYER, Defendant.**

**No. 93–138–Misc–T–99(A).**

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 16, 1993.

David N. Geier, U.S. Dept. of Justice, Tax Div., Washington, DC, Steven A. Nisbet, U.S. Attorney's Office, Tampa, FL, for U.S.

C. Michael Ritchey, St. Petersburg, FL, for Louis R. Mayer, Representative capacity as trustee MRJ Investment Planners, Inc.

### ORDER

BUCKLEW, District Judge.

On November 19, 1993, United States Magistrate Judge Charles R. Wilson submitted a Report and Recommendation (Doc. No. 8). Respondent, to date, has failed to file an objection to the findings and recommendation of the Magistrate Judge. The Magistrate Judge recommended that the Respondent, Louis R. Mayer, be ordered to comply with the I.R.S. summons served upon him.

Upon consideration of the Report and Recommendation, and upon conducting an independent *de novo* review of the entire record in this matter, the Court adopts and confirms the Magistrate Judge's findings.

The Court finds that the Internal Revenue Service properly served Respondent with the Summons, Respondent has not yet complied

with the terms of the Summons, Respondent has a duty to comply with the Summons and the Summons is subject to enforcement by this Court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation (Doc. No. 8) is **ADOPTED** and is specifically incorporated into this Order. It is further

**ORDERED** that Respondent shall personally appear at the Offices of the Internal Revenue Service located at 9600 Coger Boulevard, Suite 217, St. Petersburg, Florida, 33702, before Revenue Agent Richard F. Goodwill, or designee, **on January 19, 1994, at 10:00 a.m.** to then and there comply fully and completely with all of the terms of the Summons. It is further

**ORDERED** that Respondent shall personally appear before the undersigned in Courtroom B, First Floor, United States District Courthouse, 611 North Florida Avenue, Tampa, Florida, 33602, on **January 21, 1994 at 8:30 a.m.**, at a hearing to show cause for any further or continuing failure on the part of Respondent to fully and completely comply with the Summons as ordered. However, upon notice by the Petitioner to the Court, before the date set for this hearing, that this hearing is unnecessary because Respondent has achieved full and complete compliance with the Summons, this hearing will be cancelled.

**DONE AND ORDERED.**

*REPORT AND RECOMMENDATION*

CHARLES R. WILSON, United States Magistrate Judge.

THIS CAUSE is before the Court on a petition to enforce an Internal Revenue Service (I.R.S.) summons which was served upon Louis R. Mayer, in his representative capacity as Trustee, MRJ Investment Planners, Inc., also known as MRJ Financial Planners, Inc. For reasons that follow, I recommend that the summons be enforced.

The Internal Revenue Service is conducting an investigation to determine the correct federal income tax liability of Ronald H. Woodley for the years 1987 through 1992. Pursuant to that investigation, a summons was served upon Louis R. Mayer directing him to appear before I.R.S. agent Richard F. Goodwill to give testimony and to produce for examination and copying certain books, records, papers and other data described in the summons. The records requested by the summons are in the names of the following five entities:

Rosewood Investments, BTO

Harris, BTO

Clearwater Community Clinic, BTO

Diagnostic Labs of Florida I

WLW Company

Goodwill was advised by C. Michael Ritchey, Esq., Mayer's attorney, that Mayer would fail to appear as summoned, and he failed to appear.

Mayer appeared with counsel before the Court on November 15, 1993 for the purpose of attempting to show cause why he should not be compelled to obey the I.R.S. summons. Prior to the hearing, Mayer's counsel filed a memorandum of law contesting the legitimacy and relevancy of the summons in reliance upon *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Mayer contends that the Government has failed to establish a sufficient nexus between the taxpayer, Woodley, and the five entities so as to lay a foundation supporting such an expansive request for information, and further contends that the summons is merely a fishing expedition. In *Powell*, the Supreme Court held that a summons is to be enforced upon a showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [I.R.S.'s] possession, and that the administrative steps required by the Code have been followed". *Id.,* at 57–58, 85 S.Ct. at 255. Such a showing can ordinarily be made by the government through the petition and the verified declaration. *See United States v. Southeast First National Bank of Miami Springs*, 655 F.2d 661, 664 (5th Cir.1981). In the present case, Goodwill, the I.R.S. investigating agent, testified on behalf of the Government in support of its

petition. Mayer appeared at the hearing but did not testify, and presented no evidence in opposition to the petition.

At the hearing, Goodwill testified that the taxpayer, Woodley, operated a chiropractic clinic in Clearwater as a sole proprietorship where he reported his gross receipts and expenses on a Schedule C attached to his individual income tax returns. The gross receipts for tax year 1987 was approximately $500,000.00. However, for prior years of 1984, 1985 and 1986 gross receipts were approximately $300,000.00. The only gross receipts that were reported for 1988 totalled $37,000.00, reflecting a substantial change.

Goodwill checked the Pinellas County Courthouse records and noticed that a divorce proceeding had taken place between 1987 and 1988 and documents in the file reflected trusts being formed including the Clearwater Community Clinic Business Trust, the Harris Investment Business Trust and Rosewood Investment Business Trust. Assets were transferred to the trusts and Louis R. Mayer was indicated as the trustee of those trusts. Based upon that information, Goodwill ordered returns of all the trusts. Further analysis revealed gross receipts for 1984, 1985, 1986 and 1987 in fairly large amounts. In subsequent years, Woodley reported wages from the trusts for tax years 1989 and 1990 of approximately $50,000.00. Further analysis showed income from those tax years transferred to a beneficiary named "WLW Company" in Guelph, Ontario. A check of Internal Revenue Service records reflect no record of WLW Company filing any United States income tax returns.

Additionally, Goodwill obtained a copy of a quitclaim deed which conveyed the clinic's building to the Harris trust on June 5, 1992. (Government's Exhibit 10). This date was several years after Harris claimed to own the property on the tax forms. No documentary stamp tax is indicated on the conveyance, which suggests a conveyance without consideration.

The accumulation of these and other concerns support the relevancy and legitimacy of the investigation. The disparity in income over the years, transfer of income to the "WLW Company" in Canada, and the lack of reported income by that company provide ample basis for inquiry into the records of the clinic. These transactions suggest possible diversion of income and failure to report income to the I.R.S. Further, the Clearwater Community Clinic BTO filed its U.S. Fiduciary Income Tax return late for tax years 1988 and 1989.

These very same issues were considered by this Court in *United States v. Wesley Earl Ball*, Case No. 93-137-Misc-T-17(B), 1993 WL 565391. That case involved the same investigation relating to a summons served upon Wesley Earl Ball who was the tax return preparer for Woodley. The Magistrate Judge considered the very same issues raised by Mayer in the present case and determined that the circumstances did not support Ball's claim of a fishing expedition, but supported the relevancy and legitimacy of the investigation. The recommendation was adopted by the District Court. In that case as in the present case, the circumstances show that the investigation is not a fishing expedition as claimed by Mayer, but provides substantial indication that Woodley may have failed to report income that was properly chargeable to him.

The Court further finds from the petition of the I.R.S. and the testimony of Mr. Goodwill that the information sought is not already in the possession of the I.R.S., that all administrative steps required by the I.R.S. for the issuance of a summons have been taken, and that a Justice Department referral is not in effect for the years under investigation.

For these reasons, I recommend that the respondent, Louis R. Mayer, be ordered to comply with the I.R.S. summons served upon him.

Respectfully submitted on this 18th day of November, 1993.

NOTE: Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).